# JUNE, 1943

REPUBLIC INSURANCE COMPANY V. HIGHLAND PARK
INDEPENDENT SCHOOL DISTRICT.

No. 8020. Decided April 7, 1943.
Rehearing overruled June 2, 1943.
(171 S. W. 2d Series, 332.)

*Shook & Shook, W. H. Shook and J. L. Shook,* all of Dallas, for petitioner.

It was error for the Court of Civil Appeals to hold, after having held that the so-called back assessment of personal property was exparte and without notice or hearing was invalid,

that a hearing in the district court was a substitute for such hearing before the board of equalization, and in reversing the judgment of the trial court for that reason. State v. Richardson, 84 S. W. (2d) 1076; Board of Equalization of the City of Fort Worth v. McDonald, 129 S. W. (2d) 1135; Nederland Ind. Sch. Dist. v. Carter, 93 S. W. (2d) 487.

The Court of Civil Appeals erred in holding that after two years the school district's assessor can "back assess" on the personal property of defendant insurance company. Miller v. Vance, 107 Texas 485, 180 S. W. 739; Underwood v. Childress Ind. Sch. Dist., 149 S. W. 773.

The Court of Civil Appeals error in holding that prior to the enactment of Article 5057a, the amount of reinsurance or unearned premium reserve which defendant was required under Article 5036 to maintain was not deductible from the value of its personal property in arriving at the value thereof subect to tax under Article 4754, R. S. 1925, Great So. Life Ins. Co. v. City of Austin, 112 Texas 1, 243 S. W. 778; Texas Emp. Ins. Assn. v. City of Dallas, 5 S. W. (2d) 614.

*Claude D. Bell, R. M. Vaughn* and *J. W. Hassell,* all of Dallas, for respondent.

The property involved in this suit is all taxable and respondent (School District) is entitled to recover the full amount of taxes assessed thereon. State ex rel Missouri State Life Ins. Co. v. Gehner, 320 Mo. 691, 8 S . W. (2d) 1068, note 13, A. L. R. 187 City of Waco v. Amicible Life Ins. Co. 248 S. W. 332; State ex rel Brennan v. Martin, 51 S. W. (2d) 815; Rosenburg v. Weeks, 67 Texas 578, 4 S. W. 899.

MR. JUDGE BREWSTER delivered the opinion of the Commission of Appeals, Section A.

This is a tax suit. It is the fourth in a series of lawsuits between Highland Park Independent School District, respondent, and Republic Insurance Company, petitioner. The first suit was for taxes for 1926 and 1927. It was terminated by the opinion of the El Paso Court of Civil Appeals reported in 57 S. W. (2d) 627 (error refused, 122 Texas 677). The second involved taxes alleged to be due for 1933. The opinions on appeal appear in 80 S. W. (2d) 1053 (Civ. App.), and 129 Texas, 55, 102 S. W. (2d) 184. The third was for 1934 taxes, and the opinions on appeal appear in 123 S. W. (2d) 784 (Civ. App.), and 133 Texas, 545, 125 S. W. (2d) 270.

This suit is for designated items and amounts of personal property which respondent alleges petitioner failed and refused to render for taxation during the years 1923 to 1931, both inclusive. Respondent's assessor assessed these items and amounts on January 30, 1934, as a supplement to petitioner's 1934 rendition. His action was approved by respondent's board of equalization. Petitioner declined to pay the taxes, totaling more than $95,000, claimed to be due on basis of this "back" assessment, whereupon respondent filed suit in the District Court of Dallas County to recover them. That court instructed a verdict for petitioner and rendered judgment in its favor, which judgment was reversed and the cause remanded by the Court of Civil Appeals at Dallas, Justice Young dissenting, in part. 162 S. W. (2d) 1056. That opinion gives an excellent statement of the history of the controversy between the parties and of the facts pertaining to the case now at bar.

Petitioner urges fifteen points of error in the judgment of the Court of Civil Appeals. However, we have condensed them into fewer propositions, which we shall consider in our own order rather than in that used by petitioner. In connection with our discussion of these several propositions, we shall state such of the facts as we consider relevant to each.

It is contended, in three points of error, that the back assessment is void because it was made by respondent's assessor without notice to petitioner and approved by its board of equalization without giving petitioner an opportunity to be heard. Then, as a corollary proposition, it is urged that the Court of Civil Appeals erred in its holding that the district court can validate the assessment. These contentions must be sustained.

■■ It seems undisputed that the assessment in question was made by the assessor without notice and approved by the board of equalization without a hearing. Therefore, we agree with the Court of Civil Appeals that it was void. However, we do not agree with the further conclusion of that court that such hearing can be afforded in a retrial of the case in the district court. The decisions are clearly to the contrary. Assessing and equalizing taxes are not functions of the courts. Electra Independent School District v. W. T. Waggoner Estate, 140 Texas, 483; 168 S. W. (2d) 645. Therefore, the trial court was correct in rendering judgment for the petitioner. However, we affirm that judgment on the sole ground that the assessment is void, and we reform it to show that it is rendered without prejudice to the right of the respondent again to assess and value the property

in accordance with law and to collect such taxes as may be due thereon. French Independent School District v. Howth, 134 Texas, 211, 134 S. W. (2d) 1036; Bashara v. Saratoga Independent School District, 139 Texas, 532, 163 S. W. (2d) 631.

In view of the possibility of further litigation in this prolonged controversy, it is our duty to consider other questions raised by this appeal.

■ Petitioner claims it is absolved from any liability for taxes for the year 1923 to 1928, inclusive, because of a certificate issued on October 31, 1940, by the tax collector of Dallas County, covering (besides described real estate) "all the personal property owned by the Republic Insurance Company in the years 1919 to 1940, both inclusive," in which it is certified "that there are no taxes due or unpaid thereon, and that all taxes, interest, penalty and costs on all the above described property have been paid by the Republic Insurance Company for the years 1919 to 1940, both inclusive and for each all (sic) the intervening years; and for the years 1919 to 1928 both inclusive * * this certificate covers the taxes * *, during said years the taxes for said district were assessed, equalized and collected by the proper officials of Dallas County."

This certificate was issued under Art. 7258a, Vernon's Tex. Civ. Stat., Acts 41st Leg. (1929), 2nd C. S., Chap. 77, p. 153, providing that in any county with a population of 210,000 or more the tax collector "shall, upon request, issue a certificate showing the amount of taxes," etc., due on the property described therein, and further providing that "when any certificate so issued shows all taxes, interest, penalty and costs of the property therein described to be paid in full to and including the year therein stated, the said certificate shall be conclusive evidence of the full payment of all taxes, interest, penalty and costs due on the property described in said certificate for all years to and including the year stated therein. * * And the introduction of the same (in evidence) shall be conclusive proof of the payment in full of all taxes, interest, penalty and costs covered by the same." Dallas County at all times involved had a population of more than 210,000, and the above described certificate was introduced in evidence in the trial court. We do not believe that its introduction had the effect to prove, under the facts of this case, that the taxes sued for had been paid.

Aside from the proposition now under discussion and that raised in its 10th point of error, next considered, petitioner

makes no claim that it had *actually paid* the taxes in suit, its defense being that the items involved here were *properly deductible* from its renditions made for the several years in question. In view of the extended litigation between the parties, as indicated in the first paragraph of this opinion, we think it may be safely assumed that everybody connected with this lawsuit knew as a matter of fact *that the taxes sued for had not been paid* and that the recitations of the certificate were, to that extent, pure fiction. Moreover, the record shows that this suit was filed on May 6, 1937. The first amended original petition was filed Oct. 21, 1940. The first amended original answer was filed Oct. 11, 1939; the second on October 31, 1940. An examination of these pleadings shows that the real issue between the parties was whether the items in dispute were properly deductible from petitioner's several renditions. It certainly could not have been the intention of the Legislature to make a tax collector's certificate, issued on October 31, 1940, determine that issue. If so, the statute would have the effect to constitute the collector not only an assessor of taxes but a board of equalization and a court of review as well; it would invest him with the power to determine the very question we are now called upon to decide. No statute can effect any such result and that no such result was intended or attempted by the act under consideration is clearly shown by the very first words of its emergency clause, as follows: "The fact that owners of property *have no way of definitely ascertaining that all taxes have theretofore been paid.*" (Italics ours.) It is clear, then, that the statute has no reference to "definitely ascertaining" *what items of property may lawfully be assessed for taxes*—the very gist of this suit as well as of the other three that have gone before. We overrule the point.

■ Likewise we overrule the proposition that the yearly renditions made by petitioner, when accepted by the assessors and approved by the boards of equalization and the taxes paid by petitioner, concluded its liability for all taxes for the years included. During those years petitioner was claiming, as it is here, that the item now sought to be taxed were deductible from its renditions, and they were deducted. If they were not so deductible, it was beyond the power of the taxing officials thus to permit them to escape taxation. If they were illegally deducted, regardless of the manner or reason therefor, the result was exactly the same as if they had never been rendered at all. Republic Insurance Co. v. Highland Park Independent School District, 129 Texas, 55, 102 S. W. (2d) 184; 26 R. C. L., p. 351, sec. 308. And they thereby fell into the category of "per-

sonal property which has not been assessed or rendered for taxation every year," and became subject to "back" assessment under Art. 1047, R. 'S., 1925. Otherwise, the purpose and effect of that statute could and might be utterly defeated.

In State v. Chicago R. I. & G. Ry. Co. (Com. App.), 263 S. W. 249, cited by petitioner, it was held that when the duly constituted officers have performed all acts necessary to determine the amount of taxes to be paid by a citizen "and the citizen has paid the tax lexied * * * and has, in the form of a tax receipt, received a release of the lien on his property, then, in view of the law that provides that the value placed on the property of the citizen by the equalization board shall be final, and *in the absence of any law authorizing a further assessment,* we think that any attempt to require the citizen to pay additional tax on the same property *on which he has already paid* is to deprive a citizen of his property without due process of law." But petitioner apparently overlooks a statement in that opinion which clearly distinguishes that case from this. It is: *"There, is no claim that the railway company * * did not render for taxes each year, all its property in said improvement district."* (Italics ours.) That was a case of all property rendered but undervalued. This is a case of property omitted from rendition and, therefore, not valued at all.

■ Here, even if it be conceded that the assessor and board of equalization meant to conclude petitioner's liability for taxes, the respondent received no benefit from the action of those officials in accepting petitioner's renditions. Neither was petitioner hurt thereby. Therefore, on no theory can the doctrine of estoppel be invoked, since the tax officials were performing, for their principal, its governmental functions. See City of San Angelo v. Deutsch, 126 Texas, 532, 91 S. W. (2d) 308.

Petitioner insists that the Court of Civil Appeals erred in holding that its debt and liabilities, deducted by it from its renditions as "reserves" were a part of its gross assets and were, therefore, property subject to taxation and assessable as money, to the amount thereof.

■ We do not here deal with the disputed reserves as "money" because the record indicates that part of them, at least, was in form other than money. We here regard them as property to be assessed by respondent's assessor, whose valuations thereof are to be reviewed by its board of equalization, followed by proper judicial review, if invoked. These "reserves" have been classi-

fied in this entire litigation, generally, as reserve for unearned premiums, reserve for unpaid losses, reserve for taxes, and reserve for reinsurance balances. We think it was definitely settled in Republic Insurance Co. v. Highland Park Independent School Dist., 129 Texas, 55, 102 S. W. (2d) 184; same, 123 S. W. (2d) ·784; 133 Texas, 545, 125 S. W. (2d) 270, that the reserve for unpaid losses, reserve for unpaid taxes and the reserve for reinsurance balances were not deductible but were subject to taxation as property of petitioner. We adhere to that holding.

Of course, any amount claimed as a "reserve" for any year in suit which was *actually paid out* before that year, is not taxable because, obviously, it was not on hand during that year and, therefore, could not have been a reserve. For example, as pointed out by the Court of Civil Appeals, if the item of $139,-473 listed for the year 1928 as "real estate tax *paid* other counties" was paid before taxes were levied and made assessable for that year, then it certainly could not be regarded as property on hand, and it was not taxable.

■ Two other points of error present the tax liability of petitioner's unearned premium reserve for the years 1923 to 1927, both inclusive. It is conceded by respondent that such reserve is not taxable for the years following 1927 because of the terms of Art. 5057a, R. S., 1925. We do not believe it was taxable even before the enactment of that statute. So long as they remain unearned, premiums paid fire insurance companies can on no theory be regarded as assets of the companies. That is the effect of a statutory declaration, first made in 1875, (1) that fire insurance companies cannot set up dividends except from profits; (2) that "in estimating such profits, there shall be reserved therefrom a sum equal to forty per cent of the amount received as premiums on unexpired fire risks and policies, * * *. which amount so received is hereby declared to be *unearned premiums.*" (Italics ours.) Art. 5036, R. C. S. 1925. Until earned, they belong to the policyholders paying them in, for the future protection of the policies; when earned, they become taxtable as assets of the companies collecting them. See Republic Insurance Company v. Highland Park Independent School District, 129 Texas, 55, 102 S. W. (2d) 184, supra.

■ Another proposition, presented by two points of error, is that, because of the provisions of Art. 7208, R. S. 1925, the district could not "back" assess taxes in 1934 for the years 1923 to 1928, inclusive, same being then more than two years past due. Pertinent language of that article is: "If the assessor

of taxes shall discover in his county any * * personal property which has not been assessed or rendered for every year for two years past, he shall list and assess the same for each year thus omitted * *." This statute has no application to school district assessors but is applicable only to county assessors in assessing taxes due the state and county. Art. 2791 R. S., 1925, provides that the independent school district assessor *"shall have the same power* and *shall perform the same duties* with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the city marshall of incorporated towns or villages." (Italics ours.) Art. 1147, R. S., 1925, provides that the marshal "shall assess and collect the corporation tax, and if the same be not voluntarily paid, he shall have power to make the collection in the same manner and with like effect as is prescribed in Chapter 5 of this title for collection of taxes in cities, so far as applicable." Art. 1047, R. S., 1935, is a part of Chapter 5, referred to in Art. 1147, supra, and provides, "whenever the assessor and collector shall ascertain that any taxable property, real or personal, has not been assessed for any previous year, he shall assess the same in a supplement to his next assessment roll." We hold, therefore, that respondent's power to "back assess" for the years in question is found in Art. 1047, supra, rather than in Art. 7208, and that such power is not limited to two years but may be exercised as to any personal property not assessed "for any previous year."

It was said in Republic Ins. Co. v. Highland Park Indep. Sch. Dist., 123 S. W. (2d) 784, 792, supra, "The district tax assessor is given the same powers and duties with reference to tax assessments as 'are conferred by law upon the city marshal of incorporated towns or vilages,' who, in turn, as to powers (Art. 1147, R. S.) is granted all of the authority that is prescribed in Ch. 5, Title 28, relating to cities, towns and villages." In that holding the Court of Civil Appeals followed the cases of Blewett v. Richardson Independent School District (Com. App.), 240 S. W., 529, and McPhail et al v. Tax Collector of Van Zandt County et al (Civ. App.), 280 S. W., 260 (er. ref.). In the former case Judge Gallagher said that the independent school district "was by statute vested with all the powers, rights, and duties in regard to establishing and maintaining free schools, including the *power and manner of taxation* for free school purposes conferred by law on the council or board of aldermen of incorporated cities and towns. * * * The manner of taxation so provided for the board of trustees of independent school districts is set out in article 938 to 964, inclusive, of the Revised Statutes, and said articles furnish the rule of procedure except when

some particular statute controls." (Italics ours). Art. 1047, supra, was Art. 944 at the time the opinion last quoted from was written. McPhail v. Tax Collector, supra, holds that when property for any reason has escaped taxation for any year, the owner should render it, but if he fails to do so, it is the duty of the assessor to assess the property for the omitted year, because, "while there is no definite provision to this effect in the statute under consideration (an act consolidating rural common school districts into a rural high school district), yet it is the rule applied in analogous situations (Art. 1047, Rev. St. 1925), and is applicable here." See 37 Tex. Jur., sec. 132, p. 1013.

Without meaning to pass on its effect otherwise, we think there is some significance to be attached to the last paragraph of Art. 7343, R. S. 1925. It reads, "All laws of this state for the purpose of collecting delinquent State and county taxes are by this law *made available for, and when invoked shall be applied to,* the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable." (Italics ours.) Thus it appears that the legislature recognized that independent school districts and cities and towns are governed generally on matters of taxation by one group of statutes while the State and the counties are governed by another.

To support its contention that Art. 7208, supra, rather than Art. 1047, supra, limits and defines the power of respondent in "back" assessing its property, petitioner cites the decision of this Court in Republic Ins. Co. v. Highland Park Indep. Sch. Dist., 129 Texas, 55, 102 S. W. (2d) 184, supra, and State v. Cage (Civ. App.), 176 S. W., 928 (er. ref.). In the opinion in the former case (102 S. W. (2d) 184, 187, 188), there are expressions to the effect that article 7208 furnishes the respondent the proper procedure in the back assessment of petitioner's omitted property. However, a study of the case reveals that such was not the precise question that the court there had for decision, hence any expression there used as to the applicability of Art. 7208 was *obiter dictum* and is not to be accorded any force as a precedent. In State v. Cage, supra, the county tax assessor, in 1912, "back" assessed bank deposits of the taxpayer for a period of fourteen years. In this he was acting for the state, the county and the independent school district. The county attorney then brought suit in the name of the State for the amount of taxes thus determined to be due. Applying Art. 7208, the trial court held that recovery could be had only for the years 1910, 1911 and 1912, and gave judgment in favor of the

State, the county and the school district, in separate amounts. The Court of Civil Appeals affirmed this judgment, and an application for writ of error was·thereafter refused by the Supreme Court. We have before us the original application filed here in that case on June 15, 1915, by the attorney general. It recites: "The County Attorney of Erath County, having signified his desire to let the judgment of the Court of Civil Appeals be final, and his desire that no application for writ of error be applied for, this application does not relate to taxes due the County of Erath and the Stephenville Independent School District." It follows that the denial of the application by this court was not an approval of the holding by the lower courts that Art. 7208 limited the power of school districts to "back" assess personal property to two years.

But it is contended that because the respondent had delegated to the county assessor and board of equalization of Dallas County the duty to assess and equalize its taxes for the years 1923 to 1928, inclusive, it could not, by its own assessor, "back" assess them in 1934 for more than two years because the county assessor could not then have "back" assessed them. We see no merit in this contention. We have said that Art. 2791, supra, gives the assessor and collector of an independent school district the same powers and duties with respect to assessing and collecting taxes as are vested in the tax officials of towns and villages. The very next article (2792, R. S. 1925), authorizes the school districts to have their taxes assessed and collected by the county assessor and collector, or collected only by the county collector, and the only limitation placed upon the county official, when he thus becomes *ex officio* assessor and collector for the school district, is that he cannot assess the taxable property in the district at a greater value than that assessed for county and state purposes. We think it is clear that if the legislature had meant that his powers and duties should otherwise be different from those given a duly constituted school district assessor and collector under Art. 2791, the limitation would appear in Art. 2792. Therefore, the county assessor and collector, in discharging his duty to assess and collect for respondent during the years in question, was governed by Art. 1047 and not by Art. 7208, in so far as his power to "back" assess for school taxes was concerned. And, as we have said, if he suffered taxable personal property to be omitted from the rolls during those years, his action was in no wise binding on the school district and did not affect the right and duty of some successor in office to "back" assess it, under Art. 1047.

We have disposed of all questions presented except two points of error relating to respondent's alleged failure to plead or prove an election authorizing it to make a tax levy and its alleged failure to show advertisement of a reassessment list, which petitioner claims was prerequisite as to the years 1926 and 1927. These are procedural matters which may not arise in the event of further litigation, so it is unnecessary for us to decide them. The briefs in this case are both numerous and voluminous. For obvious reasons, we have not attempted to write on all arguments offered for and against the several propositions presented in petitioner's points of error and respondent's counter points.

The judgment of the Court of Civil Appeals is reversed. The judgment of the trial court is reformed as hereinabove stated and, as reformed, the same is affirmed.

Opinion adopted by the Supreme Court April 7, 1943.