

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 20, 1948

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-702

Re: The effect of condemna-
tion of land by the Fed-
eral Government upon
State and County taxes
for the year in which
the land was taken.

Dear Mr. Sheppard:

You request our opinion upon the question presented
in your letter as follows:

"On or about Aug. 11th, I talked to you about
whether or not taxes on certain property located
in Taylor County should be paid for the year 1944.
You suggested that I obtain certain information in
regard to the property from Hon. Wiley Caffey,
County Judge, Taylor County, and then submit
the question to you.

"We are, therefore, enclosing 2 exhibits in
regard to the matter. One of the exhibits states
that the Federal Government filed the petition con-
demning certain lands in Taylor County on Sept. 1,
1943, and a judgment as to Tract B R -4 was enter-
ed during the year 1945. The exhibit referring to
the judgment states that the petitioner filed its
Declaration of Taking No. 1 on July 25, 1944 on
certain properties belonging to M. A. Horton and
wife, Minnie D. Horton.

"For your further information we are enclos-
ing a copy of a letter written to us by Judge Caffey
on Aug. 6th, 1948.

"You will please advise us whether or not the
taxes on the property mentioned in Judge Caffey's
letter should be paid for the year 1944."

The question reduced to simple terms is whether the owner of real property sought to be condemned by the Federal Government by petition filed September 1, 1943, but title to which was not acquired by the Government in such proceedings until July 25, 1944, by filing a declaration of taking, is liable for the 1944 State and County taxes.

40 U. S. C. A., 258a provides:

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the person en- titled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto.. . ."

Immediately upon the filing of a declaration of taking by the Federal Government and the deposit of the estimated award in the registry of the court, in compliance with the foregoing statute, the fee simple title becomes immediately vested in the Government. Saucier v. Crighton, 147 Fed. (2d) 430 (5th Cir.); City of Oakland v. United States, 124 Fed. (2d) 959 (9th Cir.); United States v. Sunset Cemetery Co., 132 Fed. (2d) 163 (2nd Cir.).

It therefore follows from the foregoing statute and authorities that the owner was not divested of the title to the land in the instant situation until July 25, 1944, and was the owner on January 1 of said year, and as such owner was liable for the taxes regularly and legally assessed against him on said property for the year 1944. We need not multiply authorities in support of this, but the following are noted:

State of Texas v. Moody Estate, 156 Fed. (2d) 698;
Winters v. Ind. School Dist. of Evant, 208 S.W. (Civ. App.) 574;
Childers County v. State, 92 S.W. (2d) 1011 (Sup. Ct.).

This brings us to the practical result as applied to the question presented. The owner is personally liable for the 1944 taxes if assessed against him. But the lien securing the same cannot be enforced against the Federal Government as long as it remains the owner. This is consistent with the opinion of Justice Brewster in the case of State v. City of San Antonio, et al, 209 S. W. (2d) 756 (Sup. Ct.), expressed as follows:

"Although the state and county did have a lien against the lot for taxes due them while the lot was privately owned by Barnes and others, the lien became unenforceable after the city and school district acquired title to it by the tax sale in 1938 and while they continued to hold it for public purposes; and the lot, while so held, was not subject to seizure or sale to satisfy a judgment for taxes levied by the state and county during the time it was so privately owned; and any proceeding attempted to accomplish this is void."

Therefore, the owner of the property is personally liable for the 1944 State and County taxes, but the lien securing the same is unenforceable so long as the Federal Government remains the owner.

We consider next the effect of the judgment rendered by the Court in the condemnation proceedings based upon a disclaimer filed by the Tax Collector of Taylor County to the effect that there were no taxes due for the year 1944. The judgment merely recites that the Tax Collector take nothing based upon this disclaimer. This disclaimer by the Tax Collector affords no support for a judgment against the State and County for the 1944 taxes even if the judgment be construed to have that effect. This for the obvious reason that the State and County cannot be bound by the unauthorized acts of their officers in the performance of the sovereign power of taxation, clearly a governmental function. This is made quite clear by Justice Brewster in the case of State v. City of San Antonio, supra, from which we quote:

"The stipulation was a nullity, therefore it afforded no support whatever for the judgment against the city and school district for taxes due the state and county for the years 1930-1940. It is well settled by repeated decisions of this court that in the collection of taxes the city and school district, an arm of the government, are discharging a governmental function and cannot be bound or estopped by any unauthorized acts of their officers in the performance of that function. City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W. (2d) 308; Republic Ins. Co. v. Highland Park Ind. School Dist., 141 Tex. 224, 171 S.W. (2d) 342; City of San Antonio v. Earnest, 144 Tex. 83, 188 S.W. (2d) 775; Rolison et al v. Puckett et al, 145 Tex. 366, 198 S.W. (2d) 74."

We therefore conclude that the "take-nothing" judgment against the Tax Collector does not have the effect to extinguish the State and County taxes for the year 1944 or that the Tax Collector's disclaimer would constitute a legal basis for such a judgment.

In reaching the foregoing conclusions we are not unmindful of the amendment to Article 7151, V.C.S. by the 48th Legislature; but we have heretofore held this amendment unconstitutional in our Opinion 0-5290, a copy of which is herewith enclosed, and we have not changed our views therein expressed.

## SUMMARY

Where land was condemned by the Federal Government and title was acquired July 25, 1944, the owner of such land as of January 1, 1944, is liable for the 1944 taxes. But the lien therefor was unenforceable as long as the Federal Government remained the owner.

A take-nothing judgment against a tax collector upon a disclaimer filed in a condemnation proceeding reciting no taxes were due for 1944, does not release the owner as of January 1, 1944, for the 1944 State and County taxes. A disclaimer filed by the tax collector, reciting that there were no taxes due, was erroneous. And since he was acting in a governmental capacity, such disclaimer would not work an estoppel or constitute the basis for a judgment against the State and County as to said taxes for said year.

Yours very truly

APPROVED:

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

L. P. Lollar
Assistant

LPL/JCP
ENCS. (3)