**Carroll KING et al., Appellants,**

v.

**TURTLE CREEK RANCHES, INC., Appellee.**

**No. 14840.**

Court of Civil Appeals of Texas, San Antonio.

March 25, 1970.

Rehearing Denied April 30, 1970.

McCreary, Huey & Eskew, Austin, for appellants.

Darrell G. Lochte, Kerrville, for appellee.

BARROW, Chief Justice.

This is a tax suit. It is agreed that the assessment of appellee's property by appellant Kerrville Independent School District is invalid, thus the sole question presented is whether the trial court erred in refusing to allow appellants to reassess and re-equalize said assessment.

Appellee, a Texas corporation, purchased 4,192 acres of land in March, 1968, from W. L. Jones, Jr., of which 3,212.54 acres is located in appellant District and involved herein. Appellee did not render such land for taxation; however, it alleges that on June 24, 1968, Mr. Brewer, vice president of appellee, went to the District office where a District employee showed him certain tax records identified as "the green sheets" whereon said property was valued at $240,953.00. This was the valuation which was used by the District for the 1967 taxes on this land. The District's Board of Equalization was in session at such time and Mr. Brewer was led to believe that this was the Board's final valuation of such land. Appellee received a tax statement in October, 1968, without any prior notice, wherein such property was valued at $971,250.00. Appellee immediately tendered the taxes owed at the District's tax rate on the valuation of $240,-953.00, and after such tender was refused it brought this suit to enjoin the District from attempting to collect the taxes on the higher valuation which was alleged to be an excessive and unlawful levy. Although the District conceded that the $971,250.00

valuation was made through error and misinformation; nevertheless, in May, 1969, it filed a cross-action wherein it sought recovery for the delinquent taxes, penalty and interest owed by appellee.

Both parties moved for summary judgment. Appellee's motion was supported by the affidavit of Mr. Brewer wherein he swore to the above facts relating to his visit to the tax office on June 24, 1968. Attached to such affidavit are three green sheets purporting to be a 1968 inventory of property in said District, wherein the property in question is assessed against William L. Jones, Jr., for "full valuation" under the column headed "Bd. Equal. values" for the total of $240,953.00. Appellee's attorney, Darrell G. Lochte, Esq., also filed an affidavit to the effect that he had been advised by Mr. King, Tax Assessor-Collector for the District, that he had no unrendered list of property. King did produce for Mr. Lochte three white sheets on the same form as the aforementioned green sheets, on which the Board of Equalization valuation of the land was set at $971,250.00.

In support of its own motion for summary judgment, the District filed the affidavit of King wherein he stated that he assessed this property on or about May 28, 1968, for the total valuation of $971,250.00, and that he submitted this valuation to the Board of Equalization when they commenced their deliberations at such time. King stated such valuation was based on erroneous information that such land had been subdivided prior to January 1, 1968. The affidavit of Mr. Perry, a member of such Board, stated that on May 28, 1968, King submitted a tax roll to the Board which included a valuation of appellee's land at $971,250.00.

The trial court granted appellee's motion for judgment and found that the tax levy made as a result of the valuation by the Board of Equalization was illegal and grossly excessive. The court further found that the correct amount owed was the sum of $2,501.10, which had been tendered before the taxes became delinquent, and therefore no penalty or interest was owed. The tax of $2,501.10 is based upon the valuation in the amount of $240,953.00 at the tax rate of said District. Appellant District was enjoined from attempting to collect any other tax. Appellants complain only of the court's refusal to allow the District to reassess and re-equalize appellee's assessment under the provisions of Art. 7346 et seq., Vernon's Ann.Civ.St.

A somewhat similar question was presented in Seguin Independent School Dist. v. Blumberg, 402 S.W.2d 552 (Tex.Civ. App.—San Antonio 1966, writ ref'd n. r. e.). There, the Board of Equalization illegally raised the taxpayer's valuation after taxpayer had rendered said taxes without objection thereto by the tax assessor-collector. Although it was found that the Board's action was invalid, it was held that the trial court erred in holding that the school district was bound to accept payment of taxes calculated on the basis of the valuation set out in the taxpayer's rendition.

The case before us is much stronger for reassessment by the District, in that appellee did not even render its taxes. Furthermore, in view of the conflicting affidavits before us on this summary judgment proceeding, we cannot say when or by whom the lower valuation on the green sheets was set. Certainly, it cannot be said that the evidence is undisputed that the Board of Equalization ever set such a valuation. See also Electra Independent School Dist. v. W. T. Waggoner Estate, 140 Tex. 483, 168 S.W.2d 645 (1943); Republic Insurance Co. v. Highland Park Independent School Dist., 141 Tex. 224, 171 S.W.2d 342 (1943); Nelson v. Blanco Independent School District, 390 S.W.2d 361 (Tex.Civ.App.—Austin 1965, ref. n. r. e.).

The judgment of the trial court is reformed to provide that it is rendered without prejudice to the right of Kerrville Independent School District to reassess and value the property in accordance with law

and to collect such taxes as may be due thereon. In all other respects the judgment is affirmed. The costs of this appeal are taxed against appellee.