James A. PHIPPS, Appellant,

v.

The CITY OF WACO et al., Appellees.

No. 5672.

Court of Civil Appeals of Texas, Waco.

April 28, 1977.

Rehearing Denied June 2, 1977.

James A. Phipps, pro se.

Albert R. Kuehl, Waco, for appellees.

Douglas R. Bergen, Waco, for intervenors.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Phipps from judgment for plaintiffs City of Waco, et al. in a delinquent tax suit.

The City of Waco and the Waco Independent School District sued Phipps for delinquent taxes on his place of business known as Jim Phipps Memorial Company. The property was assessed for tax purposes as five separate tracts: 1) Lots D18, B19, and C19; 2) Lot 29· 3) Lots B23, B24, and B25; 4) Lot C19; and 5) B14, B15, and B16.

Suit was for delinquent City and School taxes on: tract 1 for 1962 thru 1967 and 1969 thru 1974; tract 2 for 1965 thru 1974 (except for 1968); tract 3 for 1964 and 1971 thru 1974; tract 4 for 1962 thru 1967 and 1969 thru 1974; tract 5 for 1961 thru 1974 (except for 1968); and for taxes on personal property located at the place of business for 1963 thru 1974 (except for 1968). The State of Texas and McLennan County intervened for taxes owing the State and County.

The jury in answer to special issues found the value of each tract and the personal property as assessed by plaintiffs. Judgment was rendered on the verdict for plaintiff (except for tract 3 for 1964 and 1970) for taxes, penalty and interest in the amount of $15,060.60.

Defendant appeals on 6 points.

Points 1 thru 4 assert plaintiffs' City and School District failed to reassess all invalid

and cancelled taxes in accordance with Article 7346 V.A.T.S.; that the Board of Equalization was not in session when such taxes were reassessed and defendant was denied his right to appear before such Board; and that such reassessed taxes were not published.

Mr. Phipps has not paid any taxes for the years involved, although he testified he had no complaint at the valuations of the State or County, and Mr. Phipps has not rendered the property for taxes for any year here involved except for 1968. Mr. Phipps complains on this appeal of the judgment only as it applies to City and School taxes for the years 1962 thru 1970, but seeks remand of the entire case asserting "the law does not afford a formula for separating amounts properly and improperly assessed".

 The record reflects that in 1970 the 74th District Court of McLennan County held City and School District assessments on some of the property here involved grossly excessive for some years, and that the City of Waco and School District thereafter reassessed these taxes. Cities and School Districts have the right to reassess taxes under Article 7346 V.A.T.S. *Electra Independent School Dist. v. W. T. Waggoner Estate,* 140 Tex. 483, 168 S.W.2d 645. The Statement of Facts does not disclose what years the taxes were reassessed for or whether such reassessments were published. It is shown however, a Board of Equalization notice was sent to Mr. Phipps on the reassessed values in 1971, and that Mr. Phipps did not appear before the Board. Mr. Phipps did not deny receiving such notice. The errors asserted in points 1 thru 4 are not shown by the record of this case.

Point 5 asserts personal property cannot be reassessed under Article 7346 V.A.T.S.

■ Reassessment of personal property under Article 7346 by a city or school district is proper. *Republic Ins. Co. v. Highland Park Independent School Dist.,* 141 Tex. 224, 171 S.W.2d 342; *Alamo Barge Lines v. City of Houston,* Tex., S.Ct., 453 S.W.2d 132.

Point 6 asserts irreconcilable conflict in the jury's answers to Issues 34 thru 39, with the jury's answers to Issues 14a–f and 33a–f.

The record reflects the former issues deal with value of lots in tract 1 as assessed by the City and School District while the latter issues deal with the value of such lots as assessed by the County and State.

■ To be conflicting, findings must concern the same subject matter. *Turner v. Victoria County Electric Co-op.,* CCA (Waco) NWH, 428 S.W.2d 484; *Rhoades v. Castillo,* CCA (Waco) NRE, 488 S.W.2d 528.

■ The evidence adduced by plaintiffs is ample to support the jury findings as to value, and defendant submitted no evidence as to the value of the property for any of the years in question.

All defendant's points and contentions have been considered and are overruled.

AFFIRMED.