Hulen WATKINS, Chairman of the Board
of Equalization of Simms Independent
School District, et al., Appellants,

v.

Urban E. DOUGLASS, Jr., et
al., Appellees.

No. 8840.

Court of Civil Appeals of Texas,
Texarkana.

March 31, 1981.

John D. Raffaelli, Raffaelli & Hawkins, Texarkana, for appellants.

Jack Carter, Keeney, Anderson, Oliver, Carter & James, Texarkana, for appellees.

CORNELIUS, Chief Justice.

Appellees filed this suit seeking relief from the taxable values placed upon their property by the Simms Independent School District's Board of Equalization. The action was prosecuted pursuant to Tex.Rev. Civ.Stat.Ann. art. 7345f (Supp.1980–1981)[1] which provides for an appeal to the district court by taxpayers dissatisfied with the board's valuations of their property. In a jury trial the issues were answered favorably to all of the taxpayers except the A. L. Simms estate. Judgment was rendered establishing the taxable values of the properties in accordance with the jury findings and ordering the school district to place the

1. "Art. 7345f. Right of appeal by property owner

Time for filing petition for review

Section 1. A property owner is entitled to appeal a decision of any board of equalization to a district court of the State of Texas. A party who appeals to a district court must file a petition for review with the district court within 45 days after the tax roll containing the value involved is approved by the taxing authority.

. . . . .

Value of property fixed

Sec. 4. (a) The issue to be determined by the district court in an appeal is whether or not the value of the property in question as ascertained by the board of equalization is in error.

(b) If the court or jury finds that the value as ascertained by the board of equalization is in error, meaning it is higher than the value set out by the property owner in a rendition filed prior to the board of equalization hearings as required by law, then the court or jury shall fix a value for the property in question as of January 1 of the tax year in controversy. In fixing the value of the property in question, the court or jury shall determine the cash market value and multiply that value by the assessment ratio, if any, in effect for the taxing authority involved.

(c) The value affixed by the court or jury pursuant to Subsection (b) above shall be binding on the taxing authority or authorities involved in the lawsuit for the tax year in question and for the succeeding tax year. However, in the succeeding tax year the taxing authority may add the value of subsequent improvements to the property, if any, to the value affixed by the court or jury.

Defense to appeal

Sec. 5. When established by a preponderance of the evidence, it shall be a defense to an appeal under this article that the taxpayer failed to exercise good faith in estimating the cash market value set out in the rendition required in Subsection (b) of Section 4 of this article. A taxpayer does not fail to exercise good faith for purposes of this section if he makes a good faith effort to estimate the cash market value of the property and the assessment ratio, if any, in effect for the taxing authority and renders the value determined by multiplying his estimate of cash market value by the assessment ratio. A taxpayer shall be required to file with the board of equalization a sworn affidavit, in addition to the rendition, prior to invoking the provisions of this article but shall not be required to appear personally or by a representative.

. . ."

(Article 7345f is repealed by the Property Tax Code effective January 1, 1982.)

properties on its tax rolls at the values so established.

The district contends first that the taxpayers were not entitled to prevail because they had not complied with subparagraph (b) of Sec. 4 of Article 7345f, which requires that they set out the value of their property. ". . . in a rendition filed prior to the board of equalization hearings as required by law, . . . ."

For the 1978 tax year, the district had hired an appraisal firm to reappraise all of the property within the district. Sue Davis, the Simms District Tax Assessor, placed the property on the tax rolls at an assessed value of 60% of the actual value as found by the appraisal firm. The district's equalization board met on July 27 and 28, 1978, and then reported back to the school trustees. Thereafter a number of landowners within the school district filed suit contending that they did not have an opportunity to appear before the board. The court ordered the board back into session for four days, and it reconvened from September 11 through September 14. Each of the landowners brought to the September hearings an affidavit and a "Rendition of Real Property—1978" reading verbatim as follows:

STATE OF TEXAS

COUNTY OF BOWIE

A F F I D A V I T

BEFORE ME, a notary public in and for Bowie County, Texas, on this day personally appeared _____ who being by me here and now duly sworn upon oath says:

My name is _____. I own the following described real estate which is located in the SIMMS COMMON SCHOOL DISTRICT, Bowie County, Texas:

(Description of property)

It is my opinion that the cash market value of this property as of January 1, 1978, is $_____. By applying the 60% assessment ratio, the assessed value of my property should be $_____.

_____
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME by the said _____, this the _____ day of _____, 1978, to certify which witness my hand and seal of office.

_____
Notary Public, Bowie County, Texas
My commission expires: _____

\* \* \* \* \*

SUE DAVIS
TAX ASSESSOR
SIMMS COMMON SCHOOL DISTRICT

### RENDITION OF REAL PROPERTY—1978

| DESCRIPTION | | | VALUATIONS | |
|---|---|---|---|---|
| Abstract or Lot No. | Block | Original Grantee | Acres Number | Cash Market Value |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

The affidavits were all alike except that each owner filled in the blanks of his form with the appropriate name, property description and value. All of the affidavits were either handed directly to the equalization board or were presented to Sue Davis and then, at her direction, were filed with the board.

The district argues that the instruments prepared by the landowners and delivered to the board did not constitute renditions, and if they did they were not filed prior to the board hearings as required by the statute, or with the proper authority, i. e., the district tax assessor.

The assessing of taxes by independent school districts at the time this case arose was governed by the provisions of Title 28, Chapter 5 (Tex.Rev.Civ.Stat.Ann. art. 1026 et seq.). Tex.Educ.Code Ann. § 23.91; *Republic Ins. Co. v. H. Park Independent School Dist.*, 141 Tex. 224, 171 S.W.2d 342 (1943). The provisions of Title 122 (Tex. Rev.Civ.Stat.Ann. art. 7041 et seq.) governed those situations affecting independent school districts but not covered specifically by Title 28. Tex.Rev.Civ.Stat.Ann. art. 1060a; *Birdwell v. City of Boyd, Wise County*, 233 S.W.2d 603 (Tex.Civ.App.— Fort Worth 1950, no writ). The rendition of property for taxation is covered in Title 28, Chapter 5, by Article 1043, which provides as follows:

"Each person, partnership and corporation owning property within the limits of the corporation shall, between January first and April first of each year, hand to the city assessor and collector a full and complete sworn inventory of the property possessed or controlled by him, her or them, within said limits on the first day of January of the current year. If the fiscal year of a municipal corporation runs otherwise than the calendar year, such corporation may by ordinance require said inventory to be made as of the first day of such fiscal year, in which case the inventory shall be handed to the city assessor and collector within the first three months of the fiscal year."

The instruments presented by the landowners here to the board of equalization substantially complied with the statutory requirements, and constituted renditions of their property for taxation within the meaning of Article 7345f. The failure to use an official form and the failure to file the instruments within the time specified by the statute did not make them ineffective or invalid as renditions. See *Markowsky v. Newman*, 134 Tex. 440, 136 S.W.2d 808 (1940).

 The district insists that if these instruments qualified as renditions they were not filed within the time or with the officer required by Article 7345f. It argues that the requirement that the renditions be filed prior to the board hearings should be interpreted to mean that they must be filed before the board convenes for its first meeting. We cannot agree to that interpretation. The underlying purpose of this portion of the statute was to require the taxpayer to declare his property and its asserted value, and give notice of those facts to the board before he would be entitled to complain of the board's actions. We believe a proper interpretation of the statute, and one which fulfills its underlying purpose, is that the owner must file his rendition prior to the hearing on the valuation of his property. Article 7345f was designed to provide relief to taxpayers from excessive valuations and it should not be strictly construed against them. See Rosenbaum, *Taxation, Annual Survey of Texas Law*, 32 Sw.L.J. 515, 538 (1978).

 We also conclude that the renditions were properly filed. Article 1043 requires that the renditions be handed to the tax assessor, but that phrase should not be interpreted so literally as to require a physical delivery to the assessor personally. It is sufficient if the rendition is delivered to the officer or placed in his possession and control by filing the same in his office. The renditions in this case were either handed to the assessor and then delivered to the board, or were filed directly with the board. The assessor was working in an adjoining room to that used by the board of equaliza-

tion, and she testified that the renditions were filed with her office and became part of her files when they were delivered to the board. We find that to be substantial compliance with Articles 1043 and 7345f.

■ The district also asserts that the court erred in refusing to give its requested jury instruction defining "rendition." There was no need for such a definition. The facts were undisputed concerning the instruments tendered by the landowners to the board. Whether those instruments constituted renditions within the meaning of Article 7345f is a question of law which we have answered in the affirmative.

■ It is also urged that the trial court erred in refusing to allow the district to read into evidence certain portions of Ms. Davis' deposition. Ms. Davis testified that she did not consider the affidavits to be renditions because in her opinion they were not timely filed. In an effort to impeach her, the appellees were allowed to read portions of the deposition previously given by Ms. Davis where she stated that the instruments were renditions. The court refused to allow the district's counsel to read other statements from the deposition which were consistent with Ms. Davis' courtroom testimony, but she was then allowed to testify on redirect explaining her position that while the instruments were renditions, she did not consider them valid because they were not properly or timely filed. We do not believe the court erred in this respect. The deposition testimony excluded would merely have been cumulative of Ms. Davis' courtroom testimony. The matter was adequately explained and covered in the testimony which was admitted. See *Flanigan v. Texas & Pacific Railway Company*, 273 S.W.2d 110 (Tex.Civ.App.—El Paso 1954, writ ref'd n. r. e.).

■ Finally, it is contended that the trial court abused its discretion in refusing the district's motion for a continuance based upon the absence of a witness. The point will be overruled. The motion was oral and was not supported by affidavit showing good cause as required by Tex.R.Civ.P. 251.

In those circumstances we must presume that the trial court did not abuse its discretion in overruling the motion. *Zamora v. Romero*, 581 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.); *City of Wichita Falls v. Lipscomb*, 50 S.W.2d 867 (Tex.Civ.App.—Fort Worth 1932, writ ref'd). In addition, the facts surrounding the request for a continuance do not show the required degree of diligence in attempting to depose the witness or secure his presence at the trial. *Fritsch v. J. M. English Truck Line*, 151 Tex. 168, 246 S.W.2d 856 (1952); *Dairyland Cty. Mut. Ins. Co. v. Keys*, 568 S.W.2d 457 (Tex.Civ.App.—Tyler 1978, writ ref'd n. r. e.).

The judgment is affirmed.

BLEIL, J., not participating.