PARKER COUNTY, et al., Petitioners,

v.

SPINDLETOP OIL AND GAS
COMPANY, Respondent.

No. C–284.

Supreme Court of Texas.

March 3, 1982.

Fred Baker, County Atty., Weatherford, Eskew, Muir & Bednar, Doren R. Eskew, Austin, for petitioners.

Kammerman, Yeakel & Overstreet, Adrian M. Overstreet and Mark T. Mitchell, Austin, for respondent.

CAMPBELL, Justice.

Spindletop Oil and Gas Company seeks to enjoin the Parker County taxing authorities[1] from certifying and implementing Parker County's ad valorem tax rolls for 1979. This class action suit was filed by Spindletop, for itself and on behalf of a class of plaintiffs owning, by dollar value, more oil and gas property than other kinds of property in Parker County.

Spindletop claims oil and gas properties were placed on the 1979 tax rolls at 100% market value while all other property was assessed at varying percentages having no basis in market value. The trial court temporarily enjoined the county from taking any further action to certify the tax rolls or implement a tax plan for 1979 for the plaintiff class.

Parker County counterclaimed against some class members for delinquent 1978 ad valorem taxes. The counterclaim was dismissed for failure to obtain service upon Spindletop or any other member of the class. The trial court found there was no waiver of service by Spindletop's appearing in the original claim. The dismissal of the counterclaim was without prejudice to the county's right to sue each delinquent taxpayer.

In a non-jury trial, the trial court found: (1) Parker County reappraises oil and gas properties every tax year; (2) oil and gas properties are placed on the 1979 tax rolls at 100% of fair market value; (3) the majority of other real property in Parker County has not been reappraised in 20 years; (4) real property, other than oil and gas property, is placed on the 1979 tax rolls at less than 50% of fair market value; (5) these unequal assessments are the result of a deliberate plan or scheme; (6) property owners owning more oil and gas property than other real property are liable for a disproportionate share of the 1979 tax burden resulting in substantial harm to them; and (7) Parker County's 1979 tax plan is fundamentally erroneous.

Judgment was rendered that class members pay the 1979 taxes as assessed. Each class member was given a credit against 1980 taxes in the amount of 50% of the member's 1979 taxes; 49% to be a reduction in each class member's 1980 taxes and 1% to be collected by the county to be remitted to Spindletop for payment of attorneys' fees. County officials were also ordered to reappraise all taxable property within the taxing area for the 1980 tax year and to place all property on the 1980 tax rolls at market value. The court of civil appeals affirmed. 612 S.W.2d 944. We affirm in part, and reverse and render in part.

This appeal presents three issues: (1) whether the injunctive relief is appropriate; (2) whether the trial court erred in awarding contribution from other class members for attorneys' fees in favor of Spindletop; and (3) whether the trial court erred in

1. Parker County is also acting for the Garner Independent School District.

dismissing Parker County's counterclaim for delinquent 1978 taxes.

## INJUNCTIVE RELIEF

■ Tex.Const. art. VIII, § 1 states in part: "Taxation shall be equal and uniform. All real property and tangible personal property in this State . . . shall be taxed in proportion to its value . . . ." This section requires that all assessed valuations be equal and be based upon reasonable cash market value. *Whelan v. State*, 155 Tex. 14, 282 S.W.2d 378, 380 (1955); *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 416–17 (1954); *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569, 572 (1954).

Both Spindletop and Parker County contend the trial court erred in formulating the remedy it ordered. Spindletop seeks to have all property placed on the tax rolls at 100% market value. Spindletop contends: (1) the tax scheme used by Parker County results in a disproportionate share of the tax burden falling on owners of mineral interests and is, therefore, fundamentally erroneous; (2) the equitable adjustment by the trial court ignores the fact assessments are made against property, not persons; and (3) the 1979 assessment of mineral properties, if illegal, is itself tainted and cannot be remedied by a credit against 1980 taxes. An additional problem is that Spindletop and other class members have already paid their 1980 taxes. Parker County contends the trial court's order results in a tax scheme more discriminatory than the allegedly unequal 1979 tax plan and constitutes judicial exercise of an executive and legislative function.

In affirming the trial court's remedy, the court of civil appeals stated the trial judge followed the principles announced by this Court in *Lively v. Missouri, K. & T. Ry.*, 102 Tex. 545, 120 S.W. 852 (1909), and affirmed in *Electra Independent School Dist. v. W. T. Waggoner Estate*, 140 Tex. 483, 168 S.W.2d 645 (1943). We disagree. Neither case is authority for the remedy fashioned by the trial court.

*Lively* was a suit to set aside acts of the Dallas County Board of Equalization and to enjoin collection of taxes. Dallas County had adopted a rule of assessment by which property was placed on the tax rolls at 66⅔% of its market value. The intangible assets of the plaintiff, however, were placed on the rolls at 100% of their market value. While the assessment ratios varied, all assessments were made in regard to market value. The county had deliberately adopted an unequal scheme of assessment. The plan was held to be in violation of the standard of uniformity prescribed by Tex. Const. art. VIII, § 1. Rather than set aside the entire assessment, this Court ordered the county to levy taxes upon plaintiff's property at the same percentage—66⅔% of market value—as was adopted for the other property in the county. 120 S.W. at 856–58.

■ The present case is distinguishable because there is no general plan to assess all property at a uniform ratio of market value. The non-mineral property valuations are of widely varying percentages of market value. This variation is consistent with the trial court's finding of non-mineral property valuations of "less than 50% of market value." The effective reduction by the trial court of Spindletop's 1979 taxes by 50% is not consistent with any uniform scheme as in *Lively*. The trial court's order is a judicial reassessment which the courts are powerless to formulate. Assessing taxes is within the exclusive jurisdiction of the taxing authorities. *Republic Ins. Co. v. Highland Park Independent School Dist.*, 141 Tex. 224, 171 S.W.2d 342, 344 (1943); *Electra Independent School Dist. v. W. T. Waggoner Estate*, 140 Tex. 483, 168 S.W.2d 645, 652 (1943).

The other case relied upon by the court of civil appeals, *Electra*, was a suit by a school district for foreclosure of tax liens. This Court remanded the cause to the trial court to determine the validity of the assessments. The trial court was ordered to deny recovery for taxes where the assessment was found invalid. This denial of recovery was without prejudice to the rights of the school district to reassess the property ac-

cording to the law. 168 S.W.2d at 652–53. In ordering equalization of the tax assessments, this Court recognized, as in *Lively,* the practicality of reducing overassessed property to the same proportion of market value as was placed upon the mass of property in the county, rather than increasing the assessment of all other property to its full market value. *Id.* at 652; *See Lively v. Missouri, K. & T. Ry.,* 120 S.W. at 857–58. While resulting in a departure from the constitutional requirement of assessments at market value, the reduction of the assessment ratios for mineral property to equal the assessment ratios for other property in the county serves the ultimate purpose of art. VIII of the Texas Constitution of securing uniformity of taxation. *Lively v. Missouri, K. & T. Ry.,* 120 S.W. at 857. The affirmance of *Lively* by this Court in *Electra* is not authority for the trial court's remedy here.

■ The taxing plan sought to be implemented by Parker County is fundamentally erroneous. The part of the trial court's judgment ordering the class to pay their 1979 taxes and granting a credit against their 1980 taxes is reversed. While the trial court does have authority under the pleadings and prayer for relief—both specific and general—to fashion equitable relief, the appropriate remedy under the circumstances is to set aside the 1979 assessments upon the class members' property. This judgment is without prejudice to the right of Parker County to reassess the class members' property in accordance with the law. *See Whelan v. State,* 155 Tex. 14, 282 S.W.2d 378, 384 (1955); *Republic Ins. Co. v. Highland Park Independent School Dist.,* 141 Tex. 224, 171 S.W.2d 342, 344 (1943); *Electra Independent School Dist. v. W. T. Waggoner Estate,* 168 S.W.2d at 652–53.

## ATTORNEYS' FEES

■ The trial court's judgment provides that attorneys' fees be awarded Spindletop in the amount of 1% of the 1979 taxes of all class members. The fees are to be paid by contribution of the class through a pro rata deduction of the credit applied to each class member's 1980 taxes. The county is ordered to collect the contribution upon payment of the 1979 taxes by class members, then remit the collected fees to Spindletop.

We have held the trial court's order requiring payment of 1979 taxes as assessed and giving a credit against 1980 taxes is in an unauthorized judicial reassessment. The order is invalid. The award of attorneys' fees is calculated as a part of the invalid reassessment. Accordingly, the award of attorneys' fees is invalid. We also find no pleading to support such an award.

## DISMISSAL OF COUNTERCLAIM

Parker County counterclaimed for 1978 taxes against the class members who were delinquent. It is undisputed that no service of citation was obtained on Spindletop or any other class member. The trial court dismissed the counterclaim without prejudice to bring delinquent tax actions against individual taxpayers. The only question is whether Spindletop, by appearing in court on the original claim, waived service on behalf of the class members who were delinquent. *See* TEX.RULES CIV. P. 124. We hold there was no waiver.

■ While counterclaims against named plaintiffs are authorized, class counterclaims are improper unless the counterclaim complies with TEX.RULES CIV. P. 42 criteria regarding suits against a defendant class. *See Donson Stores, Inc. v. American Bakeries Co.,* 58 F.R.D. 485 (S.D.N.Y.1973); H. NEWBERG, NEWBERG ON CLASS ACTIONS § 4480, at 75–76 (1977). Spindletop is the only named plaintiff in the original claim, but is not a defendant in the counterclaim. Spindletop owes no 1978 taxes. Parker County should have obtained certification of the class of counter-defendants and demonstrated that the counterclaim met the prerequisites of a class action. *See Smith v. Lewis,* 578 S.W.2d 169, 172 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Parker County, as counter-plaintiff, had to comply with TEX. RULES CIV. P. 42(a) which states in part:

"... One or more members of a class ... may be sued as representative parties on behalf of all only if... (3) the... defenses of the representative parties are typical of the... defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Parker County failed to meet these requirements. Spindletop, which was not subject to the counterclaim, could not accept service nor waive service by appearing for the delinquent class, absent class representative certification. The question of class representation is within the discretion of the trial judge. *Brittian v. General Tel. Co.*, 533 S.W.2d 886, 889 (Tex.Civ.App.—Fort Worth 1976, writ dism'd); *Group Hosp. Serv., Inc. v. Barrett*, 426 S.W.2d 310, 315 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.). Parker County's right to bring individual delinquent tax actions has been preserved. The trial court did not abuse its discretion in dismissing the counterclaim.

The judgment of the trial court and the court of civil appeals ordering the payment of 1979 taxes as assessed and allowing the 50% credit against 1980 taxes is reversed. The 1979 tax assessment as to the plaintiff class is set aside. Judgment is rendered that Parker County and the Garner Independent School District place all property on the tax rolls at market value and uniformly assess all property for 1979. The judgment of the court of civil appeals is otherwise affirmed.