**TOWNE SQUARE ASSOCIATES, Appellants,**

v.

**ANGELINA COUNTY APPRAISAL DISTRICT, et al., Appellees.**

No. 09–85–235 CV.

Court of Appeals of Texas, Beaumont.

May 1, 1986.

Gregory L. Longino, Lufkin, for appellants.

Art Bauereiss, Lufkin, for appellees.

## OPINION

BURGESS, Justice.

This is a property tax case. Appellants are owners of certain property in Angelina County, Texas. Appellants protested the evaluation of their property by the Angelina County Appraisal Review Board. On July 25, 1984, the Review Board determined the protest and made its decision by written order. On July 30, 1984, appellants received by certified mail a copy of the order of the Review Board. On August 14, 1984, appellants filed their petition for review in the district court naming the Angelina County Appraisal District as defendant and sent a copy of the petition to counsel for the district. In February, 1985, appellants amended their original petition and included the Review Board as a defendant. Both appellees then answered alleging appellants had not filed a notice of appeal with the review board within the fifteen days statutory time limit. Appellees then moved for summary judgment on the same ground. The motion for summary judgment was granted and this appeal follows.

■ Appellants bring forth three points of error. The first point of error challenges the sufficiency of the summary judgment evidence. In support of the motion for summary judgment, appellees filed affidavits from the chief appraiser of the Appraisal District and the chairman of the Appraisal Review Board. Each of these affidavits stated that, after a diligent search, they could find no notice of appeal filed in the records. Appellants assert these affidavits are insufficient in that they contain hearsay and do not have some of the predicate language required for a business record in accordance with *TEX.R. EVID. 902*. Appellants' complete reliance on this rule is misplaced. The affidavits are controlled by *TEX.R.EVID. 803(10)*, which states:

"(10) **Absence of public record or entry.** To prove the absence of a record, report, statement, or data compilation, in any form, or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation, in

any form, was regularly made and preserved by a public office or agency, evidence in the form of a certification in accordance with Rule 902, or testimony, that diligent search failed to disclose the record, report, statement, or data compilation, or entry."

While it is true the affidavits do not meet the authentication requirements of Rule 902, they do contain testimony that a diligent search failed to disclose the notice of appeal. Point of error number one is overruled.

■ The second point of error alleges the trial court erred in granting the summary judgment because the defendants' pleadings were insufficient, as a matter of law, because they were not verified. Appellants argue that *TEX.R.CIV.P. 93(12)*, required the Appraisal District and the Review Board to verify their pleadings. Appellees contend appellants have waived this contention on appeal since the issue of non-verified pleadings was not raised in appellants' written response to the motion for summary judgment. *TEX.R.CIV.P. 166–A(c)* states, in pertinent part:

"... Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal...."

A non-movant must expressly present to the trial court any reasons seeking to avoid movants motion, such as those set out in *TEX.R.CIV.P. 93, 94, City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). Appellants did not expressly raise the Rule 93 issue, it therefore cannot be raised on appeal. Point of error number two is overruled.

Appellants' last point of error alleges the trial court erred in granting the summary judgment in that the original petition for review satisfied the notice requirements of *TEX.TAX CODE ANN. sec. 42.06* (Vernon 1982).

Section 42.06, requires that to exercise a right of appeal a party must file a written notice of appeal within 15 days after the date he received notice of the written order

and the notice must be filed with the body that issued the order appealed.

The failure to file a notice of appeal within 15 days is jurisdictional. *Rockdale Ind. School v. Thorndale Ind. Sch.*, 681 S.W.2d 225 (Tex.App.—Austin 1984, writ ref'd n.r.e.). Not only must the notice be served within 15 days, it must be served on the proper body. The appraisal district and the appraisal review board are separate and distinct bodies. *TEX.TAX CODE ANN. secs. 6.01, 6.03* (Vernon 1982), establishes appraisal districts and their boards of directors. *TEX.TAX CODE ANN. sec. 6.41* (Vernon 1982), establishes appraisal review boards. Even if the original petition for review was notice under section 42.06(a)[1] it was not directed to the proper body. Failure to give notice to the proper body is also jurisdictional. *Corchine Partnership v. Dallas County Appraisal Dist.*, 695 S.W.2d 734 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Therefore, the notice of appeal was not properly given and judicial review was barred. Point of error number three is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

---

**1.** We need not reach that question in view of our disposition.