

# THE ATTORNEY GENERAL
## OF TEXAS

June 16, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Mark W. Stiles  
Chairman  
County Affairs Committee  
Texas House of Representatives  
P. O. Box 2910  
Austin, Texas   78769

Opinion No. JM-1060

Re: May an attorney who serves on the board of directors of an appraisal district contract with a participating taxing unit to collect delinquent taxes (RQ-1650)

Dear Representative Stiles:

You ask whether a private attorney who is a director of an appraisal district may contract to collect delinquent taxes for a taxing unit that participates in the appraisal district. We will first consider whether the attorney would be disqualified by statute from serving on the appraisal district board.

An appraisal district is established in each county to appraise property for ad valorem tax purposes of the taxing units in the district, which include the county, cities, school districts, and any other political unit that imposes ad valorem taxes on property. Tax Code § 6.01; see id. § 1.04(12) (defining "taxing unit"). The five member board of directors of the appraisal district is elected by the governing bodies of the county, the cities, and the school districts in the appraisal district. Id. § 6.03. Section 6.03 of the Tax Code, which sets out the eligibility requirements for directors of the appraisal district, includes the following restriction:

> An individual . . . is not ineligible because of membership on the governing body of a taxing unit or because the individual is an elected official. However, <u>an employee of a taxing unit that participates in the district is not eligible to serve on the board</u> unless the individual is also a member of the governing body or an elected official of a taxing unit that participates in the district. (Emphasis added.)

~ 5529

Id. § 6.03(a).

Section 6.30(c) of the Tax Code authorizes contracts between a taxing unit and an attorney to enforce the collection of delinquent taxes. In our opinion, an attorney who contracts under this provision is an independent contractor and not an employee of the taxing unit. An independent contractor contracts to do a specific piece of work for another, furnishes and controls his assistants, and does the work without being subject to the other's orders on its details. Halliburton v. Texas Indemnity Ins. Co., 213 S.W.2d 677 (Tex. 1948). Section 6.30(a) refers to the attorney as a "private" attorney. See generally Attorney General Opinion JM-14 (1983) (county may not contract with county attorney under section 6.30(a) of the Tax Code).

Attorney General Opinion V-137 (1947) determined that the predecessor of section 6.30 did not authorize a commissioners court to hire individuals as county employees to collect delinquent taxes on a commission basis. The county had authority to arrange for delinquent tax collections on a commission basis only by contract pursuant to the predecessor of section 6.30. Id. at 2. An attorney who contracts to collect delinquent taxes for a taxing unit is not an employee of that unit and is therefore not disqualified from service on the board of directors under the quoted provision of section 6.03(a).

You ask whether the contract creates a conflict of interest for the director of the appraisal district, because the board of directors establishes policy for the chief appraiser's determinations of taxable values and exemptions and the contracting attorney may eventually derive a fee based on those values. We will outline the process of tax appraisal and collections to provide a context for our discussion of your question.

The Tax Code contemplates a three-step process: appraisal, assessment, and collection of taxes. See Attorney General Opinion JM-35 (1983). The appraisal district participates in this process only during the first step. The district board of directors establishes an appraisal office and appoints a chief appraiser who determines the value of property and decides whether applicants for exemptions are entitled to them. Tax Code § 6.05, chs. 11, 22, 23, 25; see generally Attorney General Opinion JM-499 (1986). The appraisal district board also appoints the board which reviews the appraisal records prepared by the chief appraiser. Tax Code §§ 6.41, 25.22, 41.01. If the appraisal review board finds that the appraisals do not comply with law, it directs the chief

appraiser to make the necessary corrections. Id. §§ 41.01, 41.02; see Attorney General Opinion JM-981 (1988).

When the appraisal records have been approved by the appraisal review board, they constitute the appraisal roll for the district. Id. § 25.24. The chief appraiser certifies the relevant part of the appraisal role to the assessor for each taxing unit participating in the district. Id. § 26.01. The governing body adopts a tax rate, and the assessor computes the tax owed on each property and sends a tax bill to the property owner. Id. §§ 26.05, 26.09, 31.01.

If the tax is not paid on time, the taxing unit may file suit to collect it. Id. § 33.41. The governing body of the taxing unit may contract with an attorney to enforce the collection of its delinquent taxes for a total compensation not to exceed 20 percent of the amount of delinquent tax, penalty, and interest collected. Tax Code § 6.30(c).

Chapter 171 of the Local Government Code[1] deals with conflicts of interest of "local public officials," including directors of an appraisal district. Local Gov't Code § 171.001(1). A local public official commits an offense if he knowingly participates in a vote or decision on a matter involving a business entity in which he has a substantial interest if "the action on the matter will have a special economic effect on the business entity that is distinguishable from the effect on the public." Acts 1987, 70th Leg., ch. 362, § 4, at 1799 (amending article 988b, section 4, V.T.C.S., now codified as section 171.004 of the Local Gov't Code.)[2] A local public official who has such an interest in

---

1. Former article 988b, V.T.C.S., was recodified as chapter 171 of the Local Government Code by the 70th session of the Legislature. Acts 1987, 70th Leg., ch. 149. The same session of the legislature adopted amendments to former article 988b, V.T.C.S., without reference to the repeal and recodification of that provision. The amendments are preserved and given effect as part of the code provision. Gov't Code § 311.031(c).

2. Section 171.003 (a)(1) of the Local Government Code bars a local public official from knowing participation in a vote or decision "on a matter involving a business entity" in which he has "a substantial interest if it is reasonably forseeable that an action on the matter would confer an
(Footnote Continued)

a business entity must file an affidavit describing that interest and abstain from participation in the matter. Local Gov't Code § 171.004.

The attorney's law firm is a business entity within chapter 171 of the Local Government Code. Id. § 171.001. Presumably, he has a "substantial interest" in his firm. Chapter 171 of the Local Government Code will apply to the attorney's participation in decisions of the appraisal district if action by the board on a matter "will have a special economic effect on the business entity that is distinguishable from the effect on the public." The issue before us is whether the appraisal district board's actions in establishing appraisal policy will have a special economic effect on the law firm of the attorney who holds the delinquent tax collection contract because tax bills are based on property values and tax rates and the attorney's fee is usually a percent of the amount of delinquent tax, penalty, and interest collected. Tax Code § 6.30; see also Attorney General Opinion JM-857 (1988).

Our summary of the tax appraisal and collections process shows that officials and boards other than the appraisal district board make decisions that affect property valuation. You indicate that the board establishes policy implemented by the chief appraiser in determining taxable values and exemptions, but the board's policy and the chief appraiser's determinations must also comply with Tax Code provisions. See generally Attorney General Opinion JM-499 (1986). The chief appraiser's decisions are reviewed by the appraisal review board, which may order him to make changes. Members of the appraisal review board are appointed by the appraisal district board for two year terms of office. Tax Code § 6.41. Directors of the appraisal district and employees of the appraisal office are among the persons disqualified from service on the appraisal review board. Id. The county appraisal district and the appraisal review

---

(Footnote Continued)
economic benefit to the business entity." Senate Bill 1131 of the 70th Legislature inserted the language "or real property" after "business entity" in this provision. Acts 1987, 70th Leg., ch. 323, § 1, at 1733. House Bill 1948 of the 70th Legislature adopted a new standard for the circumstances which barred a local public official with a substantial interest in a matter from participating in board action. Acts 1987, 70th Leg., ch. 362, at 1799. These amendments can be harmonized by adopting the standard of House Bill 1948, which also applies to real property. See Gov't Code §§ 311.025(b), 311.031(c).

board are separate and distinct bodies. <u>Towne Square Assoc. v. Angelina County Appraisal Dist.</u>, 709 S.W.2d 776, 778 (Tex. App. - Beaumont 1986, no writ) (notice of appeal served on the district board does not constitute notice to the review board). The appraisal district board does not control the property values submitted to the taxing units.

The appraisal board's participation in the taxing process ends when the chief appraiser certifies the appropriate part of the appraisal roll to each taxing unit in the district. Thus, it has no part in establishing the second main determinant of tax bills -- the tax rate adopted by the governing body of each taxing unit. Moreover, the board's appraisal policies must necessarily be consistent with law, and the board would seem to lack power to increase appraised values in order to increase fees for collecting delinquent taxes. Board actions in adopting appraisal policies should have only a minor and predictable effect on the value of tax collections contracts within the district. We conclude, as a matter of law, that under the Tax Code provisions we have discussed, the board's actions in establishing policies for property appraisals do not "have a special economic effect" on an attorney who has contracted under section 6.30 of the Tax Code to collect delinquent taxes for a local taxing unit. Therefore, chapter 171 of the Local Government Code does not require the director to recuse himself from the board's decisions on appraisal policy.

Under other circumstances, however, the attorney's interest in a contract for delinquent tax collections might require him to recuse himself. For example, if the appraisal district board of directors contracts with a taxing unit to collect its taxes under section 6.24 of the Tax Code, a director who collects delinquent taxes for the same taxing unit may have to recuse himself from some board actions related to the district's contract. <u>See also</u> Tax Code § 6.26 (election to require that appraisal district collect property taxes for all taxing units).

You ask whether the office of director of an appraisal district is incompatible with the duties, loyalties, and responsibilities of a private attorney collecting delinquent taxes for a participating taxing unit. In Letter Advisory No. 87 (1974), this office stated that the common law doctrine of incompatibility does not apply to an independent contractor who works for a public agency pursuant to contract. Moreover, our discussion of chapter 171 of the Local Government Code is relevant to your question about incompatility. The lack of connection between the functions of the appraisal district board and the taxing unit's collection of delinquent taxes would probably also prevent the two

positions from being incompatible. See generally Attorney General Opinion JM-203 (1984) (discussing common law doctrine of incompatibility).

The attorney is subject to the Texas Code of Professional Responsibility, which includes provisions relevant to the conflicting loyalties which might arise in cases like the one you present. Disciplinary Rule 2-103 provides in part:

> (A) A lawyer shall not recommend employment, as a private practitioner, of himself, his partner, or associate to a non-lawyer who has not sought his advice regarding employment of a lawyer, except as follows: [Exceptions omitted.]

Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, § 9 (Code of Professional Responsibility) DR 2-103 (1982). Disciplinary Rule 8-101, which relates to action as a public official, provides in part:

> (A) A lawyer who holds public office shall not:
>
> . . . .
>
> (3) Accept any thing of value from any person when the lawyer knows or it is obvious that the offer is for the purpose of influencing his action as a public official.

Id. DR 8-101 (1971).

Finally, section 39.03 of the Penal Code provides:

> (a) A public servant commits an offense if, in reliance on information to which he has access in his official capacity and which has not been made public, he:
>
> (1) acquires or aids another to acquire a pecuniary interest in any property, transaction, or enterprise that may be affected by the information.

Neither the disciplinary rules nor the Penal Code provision prohibit the dual service you inquire about, but they are directed at curtailing the abuses that might arise under those circumstances.

## S U M M A R Y

An attorney who has contracted with a taxing unit to collect its delinquent taxes is not an "employee" under section 6.03(a) of the Tax Code and is not ineligible under that provision to be a director of the appraisal district which includes that taxing unit.

An appraisal district director's contract to collect delinquent taxes for a local taxing unit does not require him to recuse himself pursuant to chapter 171 of the Local Government Code from participation in board actions establishing policy to be implemented by the chief appraiser.

The common law doctrine of incompatibility does not bar a director of an appraisal district from contracting under section 6.30 of the Tax Code with a local political subdivision to collect its delinquent taxes.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General