Rogers v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-048-CV

     BETTY ANDREWS ROGERS,
     ET VIR, ET AL.,
                                                                                              Appellants
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law 
Ellis County, Texas
Trial Court # C-2606 
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      On December 2, 1996, the parties filed an agreed motion to dismiss the appeal. In relevant
portion, Rule 59(a) of the Texas Rules of Appellate Procedure provides:
(1) The appellate court may finally dispose of an appeal or writ of error as follows:
(A) In accordance with an agreement signed by all parties or their attorneys and
filed with the clerk; or
(B) On motion of appellant to dismiss the appeal or affirm the judgment
appealed from, with notice to all other parties; provided, that no other party
shall be prevented from seeking any appellate relief it would otherwise be
entitled to. 
Tex. R. App. P. 59(a).
      The parties state that they have settled their controversy. The agreement is signed by
attorneys for both the appellants and the appellee.
      Pursuant to this agreement, the cause is dismissed with each party to bear its own costs.
                                                                               PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed December 4, 1996
Do not publish



 improper party and then subsequently amend his petition after the 45 day
deadline to confer jurisdiction on the district court. Section 42.21 of the Texas Tax Code
provides in part:
(a) A party who appeals as provided by this chapter must file a petition for review
with the district court within 45 days after the party received notice that a final order
has been entered from which an appeal may be had. Failure to timely file a petition
bars any appeal under this chapter.
 
(b)...Any other petition for review under this chapter must be brought against the
appraisal district. A petition for review is not required to be brought against the
appraisal review board, but may be brought against the appraisal review board in
addition to any other required party, if appropriate.

Tex. Tax. Code Ann. § 42.21(a) & (b) (Vernon 2001).
      Before June of 1999, there was no question that this case would be reversed because courts
have held that compliance with section 42.21 is jurisdictional, and the district court does not
acquire jurisdiction of the petition for review unless the proper party is sued before the 45 day
limit expires. Appraisal Review Board And the Taylor County Appraisal District v.
International Church of the Foursquare Gospel, 719 S.W.2d 160 (Tex. 1986); Poly-America,
Inc. v. Dallas County Appraisal Dist., 704 S.W.2d 936, 937 (Tex. App.—Waco 1986, no
writ).
      But effective June 18, 1999, the legislature amended section 42.21 to add subsection (e)
which provides:
(e) A petition that is timely filed under Subsection (a) or amended under Subsection 
 (c) may be subsequently amended to:

            (1) correct or change the name of a party....
Tex. Tax. Code Ann. § 42.21 (e) (Vernon 2001).
      The District argues that any amendment adding a proper party can only be accomplished
during the 45 day limit expressed in (a). But that interpretation is contrary to the express
language of the statute. Our task in interpreting statutes is to carry out the legislature’s intent. 
Calvert v. Texas Pipe Line Co., 517 S.W.2d 777, 780 (Tex. 1974); Lamar County Appraisal
Dist. v. Campbell Soup Co., 93 S.W.3d 642, 648 (Tex. App.—Austin 2002, no pet.). In
doing so, we examine the entire statute, not its isolated parts. Calvert, 517 S.W.2d at 781. 
And as a general rule, ambiguities in tax laws are strictly construed against the taxing authority
and in favor of the taxpayer. Sharp v. Park ‘N Fly of Tex., Inc., 969 S.W.2d 572, 574 (Tex.
App.—Austin 1998, pet. denied).
      Subsection (e) allows a petition timely filed under (a), the 45 day limit, to be amended to
change or correct the name of a party. In this case, there was no question that the Stuards
were appealing the appraisal district review board’s decision of their protest. According to
statute, the District is served by service of citation on the chief appraiser. Tex. Tax Code
Ann. § 42.21(d) (Vernon 2001). The Stuards mistakenly filed suit, as well, against the chief
appraiser. Under the plain language of the statute, the Stuards, because they filed their petition
within the 45 day limit, were permitted to change or correct the name of the party being sued
from the chief appraiser to the District.
      The result under Poly-America and its progeny is harsh. Clearly, the legislature enacted
(e) to dispense with that harsh result. And it has achieved its purpose. For almost six years,
that is, until now, there have been no appellate reviews of a trial court’s decision to dismiss for
want of jurisdiction a petition for review that was filed after the effective date of subsection (e)
and subsequently amended to change the name of the party to be sued after the 45 day limit had
expired.
      We hold that subsection (e) allows the type of amendment made by the Stuards. Thus, the
trial court did not err in denying the District’s motion to dismiss.
      The trial court’s order is affirmed.
 
                                                                   TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



Affirmed
Opinion delivered and filed July 7, 2004
[CV06]