CORCHINE PARTNERSHIP, et al., Appellants,

v.

DALLAS COUNTY APPRAISAL DISTRICT and Dallas County Appraisal Review Board, Appellees.

No. 05–84–01186–CV.

Court of Appeals of Texas, Dallas.

July 18, 1985.

Rehearing Denied August 13, 1985.

Bruce W. Akerly, Dallas, for appellants.

Peter Smith, Dallas, for appellees.

Before CARVER, VANCE and GUIL-LOT, JJ.

GUILLOT, Justice.

This is an appeal from orders sustaining pleas to the jurisdiction in two ad valorem tax cases. The two have been consolidated for appeal. For simplification and clarity, Corchine Partnership, Harold B. Berman and Ben S. Corchine will be referred to collectively as "appellants," the Dallas County Appraisal District will be referred to as "the appraisal district," and the Dallas County Appraisal Review Board will be referred to as "the review board." In both cases, appellants received a final order from the review board denying their protest of a tax appraisal rendered by the appraisal district. Appellants mailed written notices of appeal to the appraisal district and then filed their suits in the district courts. The appraisal district filed pleas in bar, motions to dismiss, and answers in each suit seeking dismissal for failure to join the review board as a statutorily necessary party-defendant. Appellants later amended their petitions adding the review board as a defendant. The cases were considered by different district courts, and both courts dismissed the actions for failure to timely file and prosecute the cause against the proper parties. For the reasons below, we affirm.

The property tax code clearly sets out the ground rules for an appeal, among which is the requirement that a party file a written notice of appeal. Section 42.06 provides in pertinent part:

42.06. Notice of Appeal

(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47 or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

(b) The notice must be filed with the body that issued the order appealed.

TEX.PROP.CODE ANN. § 42.06 (Vernon 1982). Citing *Rockdale Independent School District v. Thorndale Independent School District*, 681 S.W.2d 225 (Tex.App.—Austin, October 24, 1984, writ ref'd n.r.e.), and *Brooks v. Bachus*, 661 S.W.2d 288 (Tex.App.—Eastland 1983, no writ), appellees argue that these requirements are jurisdictional, and if a party fails to follow these procedures, the court has no jurisdiction to hear an appeal. We agree.

■ In the *Rockdale Independent School District* case, the Austin court of appeals considered the same statute. In that case, the appealing party did not file the notice of appeal within fifteen days. The court held that section 42.06 is jurisdictional and the appeal was barred. We hold that, just as the Austin court held section 42.06(a) is jurisdictional, section 42.06(b) is jurisdictional.

■ The body that issued the order appealed from in these cases is the review board. Appellants served written notice on the appraisal district, but not on the review board. Although the review board is appointed by the appraisal district's board of directors, it is clear that these are separate and distinct bodies. This is evidenced by the provision for separate service of the petition for review. TEX.PROP.TAX CODE ANN. § 42.21 (Vernon Supp.1984). One who appeals must bring a petition for review by the district court against both the appraisal district and the review board and must serve the chief appraiser of the appraisal district and the chairman of the review board.

■ Because the appraisal district and the review board are separate and distinct

bodies, and appellants did not give notice of appeal to the review board, the body that issued the order appealed from, we hold that the court below did not have jurisdiction to hear this suit. The judgments of the trial courts dismissing the actions are affirmed. The costs of this appeal are taxed against appellants.