**POLY–AMERICA, INC., Appellant,**

v.

**DALLAS COUNTY APPRAISAL DISTRICT, et al, Appellees.**

No. 10–85–061–CV.

Court of Appeals of Texas, Waco.

Feb. 6, 1986.

John A. Stewart, Dallas, for appellant.

Roy L. Armstrong, Peter G. Smith, Sallinger, Nichols, Jackson, Kirk & Dillard, Dallas, for appellees.

## OPINION

THOMAS, Justice.

This appeal involves section 42.21 of the Texas Tax Code. *See* Tex.Tax Code Ann. § 42.21 (Vernon Supp.1986). The question is whether the court acquires jurisdiction of a petition of review where suit is brought by the property owner only against the appraisal district within the forty-five-day time limit prescribed by section 42.21(a). We hold that to acquire jurisdiction the appraisal district and the appraisal review board must both be made defendants in the suit within the prescribed time limit.

Poly-America, Inc., which protested the appraisal of its real property by the Dallas County Appraisal Review Board, filed suit to obtain a review of the Appraisal Review Board's final order determining the protest. The suit was filed against the Dallas County Appraisal District within forty-five days after Poly-America had received notice of the final order, but Poly-America did not join the Appraisal Review Board as a defendant in the proceeding until more than forty-five days had elapsed. The Appraisal District and the Appraisal Review Board filed a joint plea in bar and asked the court to dismiss the suit because Poly-America

had failed to timely file and prosecute the suit against the required defendants under section 42.21(a). The court dismissed the suit with prejudice, and Poly-America appeals.

Section 42.21 provides:

(a) A party who appeals as provided by this chapter *must* file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had; failure to timely file a petition bars any appeal under this section.

(b) ... Any other petition for review under this chapter *must* be brought against the appraisal district and the appraisal review board.

Tex.Tax Code Ann. § 42.21 (Vernon Supp. 1986) (emphasis added). The Appraisal District and the Appraisal Review Board argue that this section bars judicial review forever because Poly-America did not file suit against both of them within the prescribed time limit. However, Poly-America points out that subsection (b), which was added by an amendment in 1983, does not expressly bar judicial review if the appraisal district and appraisal review board are not both named as defendants in the suit within the prescribed time period. Poly-America contends that reading such a restriction into section 42.21 would be tantamount to legislating.

 The rights, procedure and remedies set forth in section 42.21 are exclusive and supplant and supersede a property owner's common law rights and remedies. *Texas Architectural Aggregate v. Adams,* 690 S.W.2d 640, 643 (Tex.App.—Austin 1985, no writ); Tex.Tax Code Ann. § 42.09 (Vernon 1982). Therefore, to obtain a judicial review of the appraisal review board's final determination of his protest, a property owner must comply with that section. Statutory provisions creating rights and remedies are mandatory and exclusive and must be complied with in all respects. *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926). Furthermore, where statutory rights and remedies are concerned, the court may act only in the manner provided by the statute. *Bullock v. Amoco Production Co.,* 608 S.W.2d 899, 901 (Tex.1980). Moreover, restrictions and conditions which are imposed by the same statute creating a right or cause of action may not be relaxed or modified to avoid what might appear to be too strict or too narrow of an interpretation in a particular case, otherwise the statute could be effectively annulled. *Employers' Liability Assur. Corp. v. Young County L. Co.,* 122 Tex. 647, 64 S.W.2d 339, 343 (1933).

 With these rules of construction in mind, we hold that the requirements of section 42.21 are jurisdictional and that the district court does not acquire jurisdiction of a petition for review unless and until the appraisal district and the appraisal review board are both made defendants in the suit before the forty-five-day time limit expires. *See Bullock,* 608 S.W.2d at 901. To hold otherwise would completely ignore the plain mandatory requirement that the petition for review, which *must* be filed within forty-five days after notice of the appraisal review board's final order is received, *must* be brought against the appraisal district and the appraisal review board. A suit against the appraisal district is not a suit against the appraisal review board because they are separate entities. *Corchine Partnership v. Dallas Cty. Appraisal,* 695 S.W.2d 734, 735 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).[1] Therefore, the court did not err when it granted the plea in bar and dismissed the suit with prejudice because Poly-America's right to obtain a judicial review of the Appraisal Review Board's final order determining its protest had been

---

1. The Appraisal District and Appraisal Review Board insist that *Corchine Partnership* disposes of the question presented in this appeal. Although the property owner in that case also failed to join the appraisal review board as a defendant in the suit until after the forty-five- day time limit had expired, the court of appeals did not base its holding on section 42.21 but on section 42.06, which requires a property owner to give timely written notice of appeal to the appraisal review board. For that reason, we do not cite *Corchine Partnership* as controlling.

forever barred. We do not reach Appellees' cross-point.

Affirmed.