PROGRAM CENTERS OF GRACE
UNION PRESBYTERY, INC.,
Appellant,

v.

Charles E. EARLE, Chief Appraiser, James Morrison, Appraisal Supervisor, Joe D. Rogers, Deputy Chief Appraiser, the Denton County Appraisal District and Its Board of Directors, Tom Harpool, Jr., Chairman, Carl Degan, Vice Chairman, Raymond Pitts, Secretary, Joe Turner, Jr., and Bill Weaver in Their Capacity as Board of Directors of Denton County Appraisal District, Appellees.

No. 2–86–118–CV.

Court of Appeals of Texas,
Fort Worth.

March 18, 1987.

Law Offices of Lee Smith, P.C. and Lee Smith, Dallas, for appellant.

Law Offices of Earl Luna, P.C. and Earl Luna and Randel B. Gibbs, Dallas for appellees.

Before FENDER, C.J., and BURDOCK and HOPKINS (Retired), JJ.

## OPINION

BURDOCK, Justice.

This is the second time we have considered this property tax case on appeal. *See Earle v. Program Centers of Grace Union Pres.,* 670 S.W.2d 777 (Tex.App.—Fort Worth 1984, no writ). In the first appeal of this cause we reversed the trial court on the basis of the wording of certain special issues unrelated to the issues now before us.

Appellant, Program Centers of Grace Union Presbytery, Inc., is a land owner in Denton County, Texas. Appellant filed a petition in the district court seeking review of an unfavorable ruling on its application to the Appraisal Review Board (ARB) of Denton County for an exemption on church property. In partial response to the appellant's petition, appellees, the Denton County Appraisal District (DCAD), its Board of Directors, the chief appraiser, deputy chief appraisers, and the appraisal supervisor, filed their "Plea in Bar and Motion to Dismiss," alleging the court did not have jurisdiction to hear appellant's complaint. The court below granted the motion, and this appeal follows.

We affirm.

In its first, second, third, fourth, seventh, ninth, and eleventh points of error, appellant maintains the trial judge misconstrued the Property Tax Code when it granted appellees' Motion to Dismiss.

Appellant had sought an exemption under sections 11.19 and 11.20 of the Code for approximately 67 acres of land owned and operated as a church camp by an affiliate of the Presbyterian Church of the United States. According to appellant's petition, "Program Centers is chartered for the purposes of owning and operating church camps and program centers and engaging in the joint and threefold religious, educational and physical development of boys and girls, young men and women."

After hearing appellant's argument for an exemption, the Denton County ARB granted appellant's request for an exemption for only one acre of land, on which a minister's home and chapel were located. In addition, the ARB ordered the chief appraiser and the DCAD to correct their records to reflect a valuation of appellant's property of $485,526.

After receiving notice of the ARB's determination of its protest, appellant filed a notice of appeal with the DCAD within the time prescribed by law. When appellant subsequently filed its petition for review in the district court, appellees responded with the Motion to Dismiss. In that motion, appellees alleged appellant had given notice of its appeal to the DCAD, not the ARB, as

required by statute. According to appellees, such failure to notify the ARB of appellant's intention to appeal deprived the trial court of jurisdiction to review the ARB's decision.

A review of the record before us reveals appellant failed to serve written notice of appeal on the ARB. However, the record does reflect appellant timely served written notice of its intention to appeal the decision of the ARB on the DCAD at its offices in Denton. Appellant argues this satisfied the notice requirements of section 42.06 of the Code.

■ Section 42.06 provides:

(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47 or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

(b) The notice must be filed with the body that issued the order appealed. TEX.TAX.CODE ANN. sec. 42.06 (Vernon 1982); *see also Towne Square Associates v. Angelina County,* 709 S.W.2d 776, 777–78 (Tex.App.—Beaumont 1986, no writ). The failure to file a notice of appeal within 15 days is jurisdictional. *Rockdale Ind. Sch. v. Thorndale Ind. Sch.,* 681 S.W.2d 225, 227 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

■ The appraisal district and the appraisal review board are separate and distinct bodies. *Corchine Partnership v. Dallas Cty. Appraisal,* 695 S.W.2d 734, 735 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Tax Code sections 6.01 and 6.03 establish appraisal districts and their boards of directors. Section 6.41 provides for appraisal review boards. *Towne Square,* 709 S.W.2d at 778. Failure to give notice to the proper body is also jurisdictional. *Texas Conference Ass'n v. Cent. Appraisal,* 719 S.W.2d 255, 257 (Tex.App.—Waco 1986, writ ref'd n.r.e.); *Corchine Partnership,* 695 S.W.2d at 735. Here, the notice of appeal was not properly given. As a result, the trial court correctly dismissed appellant's petition for judicial review.

Appellant alleges this case is governed by the requirements of section 42.21, as it appeared in 1982. In support of this argument, appellant relies on *Corchine Partnership,* 695 S.W.2d at 735, for the proposition that section 42.21 governs an appeal from an ARB decision.

Prior to its amendment in 1983, section 42.21 provided:

A party who appeals as provided by this chapter must file a petition for review with the district court within 45 days after the party received notice that a final order has been entered from which an appeal may be had; failure to timely file a petition bars any appeal under this section. Citation is issued and served in the manner provided by law for civil suits generally.

Property Tax Code, ch. 841, sec. 42.21, 1979 Tex.Gen.Laws 2217, 2311.

In 1985, section 42.21 was amended with the addition of the following paragraphs:

(b) A petition for review brought under Section 42.02 of this code must be brought against the appraisal review board and against the owner of the property involved in the appeal. A petition for review brought under Section 42.031 of this code must be brought against the appraisal district and the appraisal review board and against the owner of property involved in the appeal. Any other petition for review under this chapter must be brought against the appraisal district and the appraisal review board.

(c) An appraisal district is served by service on the chief appraiser. An appraisal review board is served by service on the chairman of the appraisal review board. Citation of a party is issued and served in the manner provided by law for civil suits generally.

TEX.TAX CODE ANN. sec. 42.21 (Vernon Supp.1987).

Appellant argues that under section 42.21, as it existed in 1982, there was no requirement that a district court suit to review a decision of the ARB name both the appraisal district and the appraisal review board as parties. In appellant's view,

imposition of such a requirement amounts to retroactive application of the requirements of section 42.21, as amended.

Without further elaboration on appellant's theory, a careful reading of appellant's authorities shows it has confused the requirements of a notice of appeal of an unfavorable decision of the ARB under section 42.06, with the requirement that both the ARB and the DCAD be named as parties to a subsequent suit to review an ARB decision under section 42.21. *Corchine Partnership*, 695 S.W.2d at 735. Appellant's reliance on *Corchine Partnership* in this regard is misplaced.

Appellant additionally argues that the difference between the functions of the ARB and the DCAD is so minute that to distinguish between them for the purpose of giving notice of an appeal would work an unfair result to the taxpayer. In support of this, appellant directs our attention to the form notice letter it received detailing the outcome of its protest of the assessment.

The letter contains the letterhead, logo, and address of the DCAD. However, the salutation and body of the letter make it clear it was mailed by the ARB. Additionally, the secretary of the ARB signed the letter.

Appellant cites *Magnolia Petroleum Co. v. Walker*, 125 Tex. 430, 83 S.W.2d 929, 934 (1935), for the proposition that the court need not adhere to the strict letter of the law when to do so would work an injustice and not give a reasonable construction to legislation consistent with general principles of law. *See also Watkins v. Douglass*, 614 S.W.2d 892 (Tex.Civ.App.—Texarkana 1981, no writ).

As we noted earlier, the ARB and DCAD are separate and distinct entities. *See Corchine Partnership*, 695 S.W.2d at 735. The name on a letterhead cannot change established rules of procedure. Texas courts have repeatedly held that failure to follow Property Tax Code procedures will result in a party's loss of its right to challenge an administrative decision in district court. *Dallas County Appraisal Dist. v. Lal*, 701 S.W.2d 44, 46 (Tex.App.—Dallas

1985, writ ref'd n.r.e.). Additionally, we do not find the DCAD was estopped from asserting that the trial court lacked jurisdiction to hear appellant's petition simply because this case had already been tried once and appealed. *See Corchine Partnership*, 695 S.W.2d at 734. Lack of jurisdiction over the subject matter of an action may be raised at any time. 1 R. MCDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 1.18 (1981).

Here, the trial court correctly found appellant had failed to follow the established procedure for review, and properly dismissed the appeal. Appellant's first, second, third, fourth, seventh, ninth, and eleventh points of error are overruled.

■ In its fifth point of error, appellant alleges the trial court ignored the Texas Constitution, which specifically exempts "actual places of religious worship" from taxation. In its tenth point of error, appellant maintains the dismissal of its petition constituted a denial of its first amendment rights under the United States Constitution and corresponding rights under the Texas Constitution. Appellant offers no authority or citations in support of these constitutional complaints. Because these points of error were not briefed, we are not compelled to consider them, and respectfully decline to do so. *See Olson v. Texas Commerce Bank*, 715 S.W.2d 764, 768 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); TEX.R.APP.P. 74(f). Appellant's fifth and tenth points of error are overruled.

■ By its sixth point of error, appellant complains that the trial court erred in severing Denton County's action for back taxes. We disagree. In the order dismissing appellant's petition, from which this appeal arises, the trial court severed out Denton County's claim for taxes and ordered that it remain on the docket under a separate docket number. Appellant alleges this severance forces it to fight on two fronts, since the critical issue in both causes is appellant's request for an exemption. Under TEX.R.CIV.P. 174(b) the trial court has

wide discretion to order separate trials when to do so would serve judicial convenience and avoid prejudice. *Simpson v. Phillips Pipe Line Co.,* 603 S.W.2d 307, 312 (Tex.Civ.App.—Beaumont 1980, writ ref'd n.r.e.). Appellant does not show how the trial court abused its discretion. Furthermore, this court has held that a trial court does not have to combine counterclaims with a pending tax suit. *Wedgworth v. Davenport,* 170 S.W.2d 789, 791 (Tex.Civ.App.—Fort Worth 1943, no writ). We overrule appellant's sixth point of error.

In its eighth point of error, appellant alleges appellees were equitably estopped from asserting their claim for dismissal. A close review of appellant's argument fails to reveal any discussion of this equitable estoppel theory. We must assume any argument appellant had concerning this point of error was considered when we disposed of appellant's first point of error.

We therefore overrule appellant's eighth point of error, and affirm the judgment.