**BURNET COUNTY APPRAISAL DISTRICT and Burnet County Appraisal Review Board, Appellants,**

v.

**J.M. HUBER CORPORATION, CALCIUM CARBONATE DIVISION, Appellee.**

**No. 3–90–200–CV.**

Court of Appeals of Texas, Austin.

April 17, 1991.

Rehearing Overruled June 12, 1991.

**614**

Roy L. Armstrong, McCreary, Veselka, Beck & Allen, P.C., Austin, for appellants.

W. Gary Fowler, Small, Craig & Werkenthin, Austin, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

The Burnet County Appraisal District ("the District") and the Burnet County Appraisal Review Board ("the Board") appeal a summary judgment granting the appellee, J.M. Huber Corporation, Calcium Carbonate Division, a hearing before the Board to protest a 1989 property appraisal. Appellee filed suit seeking an order directing the Board to conduct a hearing or, in the alternative, determining the property's value. The District counterclaimed against appellee for unpaid 1989 taxes. All parties filed motions for summary judgment. The trial court granted summary judgment for the appellee, ordering the Board to conduct a hearing on appellee's protest. The District's counterclaim was dismissed without prejudice. We will affirm the judgment of the trial court.

The uncontroverted summary judgment proof shows that around April 22, 1989, the District sent appellee an appraisal notice reflecting an appraised value of $15,160,-001.00 for appellee's property, in contrast to its 1988 appraisal value of $1,550,000.00. Appellee's Manager of Business Analyses, Peter Yacko, telephoned Chief Appraiser Melda Hart to find out if the appraised value was the result of a clerical error in the placement of a decimal point. She told him that there was no such clerical error. On May 18, 1989, Yacko sent a letter to the District stating appellee's disagreement with the appraisal. The May 18 letter is the focus of this appeal.

In their first point of error, appellants complain that the trial court erred in granting summary judgment ordering the Board to conduct a hearing because, as a matter of law, appellee's letter did not satisfy the requirements of a "notice of protest" within the meaning of the statute.[1] Appellants concede that if the letter constitutes a correctly filed notice of protest, appellee is entitled to a hearing, and the judgment is correct.

On review of a summary judgment, this Court will determine whether the movant has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management, Inc.*, 690 S.W.2d 546, 548 (Tex.1985). The facts in the present cause are not at issue; instead, appellants challenge the legal grounds entitling appellee to a summary judgment. Appellants argue that appellee's letter of May 18th did not meet the requirements of § 41.44 because it constituted merely a "rendition" of value rather than a notice of protest and because appellee filed it with the District rather than with the Board. We disagree with appellants' characterization of the letter.

The relevant provisions of the Tax Code provide a framework for evaluating the May 18 letter. The Code was enacted primarily to remedy the many inequities that had characterized the administration of the ad valorem tax system. *Valero Transmission Co. v. Hays Consol. Indep. School Dist.*, 704 S.W.2d 857, 859 n. 1 (Tex.App. 1985, writ ref'd n.r.e.). The Code establishes, in each county, an appraisal district which must in turn establish an appraisal office. Code, §§ 6.01, 6.05 (1982 & Supp. 1991). The chief appraiser administers the appraisal office. Code, § 6.05 (1982). The

---

**1.** The Board is not required to hold a hearing in the absence of a timely filed notice of protest.

*See* Tex.Tax Code Ann. §§ 41.44–.45 (1982 & Supp.1991) ("the Code").

Code also establishes an appraisal review board. Code, § 6.41 (1982 & Supp.1991).

Property is to be valued at its fair market value as of January 1 of the tax year. Code, § 23.01 (1982). Before April 1, but no later than May 15, a taxpayer may file a rendition.[2] Code, §§ 22.01, 22.23 (1982 & Supp.1991). The chief appraiser sends notices of appraised value to taxpayers by May 15 and, at the same time, submits the proposed values to the appraisal review board for review and for determination of any protests. Code, §§ 25.01, 25.19, 25.22, 41.01. (1982 & Supp.1991).

To contest an appraisal, the taxpayer must file with the appraisal review board a notice of protest before June 1 or thirty days after receipt of the notice of appraised value, whichever is later. Code, § 41.44 (Supp.1991). The Board then holds a hearing, at which the taxpayer is allowed to present evidence and arguments with respect to the property's value. Code, § 41.45 (1982 & Supp.1991). The appraisal review board then considers the evidence and issues its order determining the protest. Code, § 41.47 (1982 & Supp.1991). Chapter 42 governs the taxpayer's appeal from the decision of the Board to district court. In addition, the taxpayer must have appeared, either personally, by representative, or by affidavit, at the protest hearing to preserve the right to appeal to district court. *See* Code, § 41.45 (1982 & Supp. 1991); *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952 (Tex.1990).

Appellants contend, first, that the Board was not required to grant appellee a hearing because the May 18 letter constituted merely a "rendition" rather than a notice of protest. We reject appellants' invitation to decide whether the letter can be construed as a rendition, because the possibility that the letter might so qualify does not affect our analysis. To decide whether the Board was obliged to grant appellee a hearing, we need only determine whether the letter satisfies the requirements of a notice of protest within the meaning of the statute and,

if so, whether it was filed with the correct authority.

■ The Code specifies, in relevant part: "A notice of protest is sufficient if it identifies the protesting property owner ... identifies the property that is the subject of the protest, and indicates apparent dissatisfaction with some determination of the appraisal office. The notice need not be on an official form...." Code, § 41.44(d) (Supp.1991).

Appellee's letter clearly meets these criteria: it identifies both the property owner and the property that is the subject of the protest. Its opening sentence also indicates apparent dissatisfaction: "With J.M. Huber, Calcium Carbonate Division, disagreeing with the Appraised Value of property on the recently sent Notice of Appraised Value by your office...." Another sentence also explicitly expresses dissatisfaction: "Huber also disagrees with appraisal value for all lots."

The legislative history of the Code reveals the legislature's rejection of hyper-technical requirements for challenges to appraisal values. The Code was enacted in part because taxpayers rarely prevailed in challenging appraisals; various legal doctrines, controlling presumptions, and burdens of proof proved insurmountable. *Valero,* 704 S.W.2d at 859 n. 1. Section 41.-44(d) clearly indicates that three simple requirements "are sufficient" to constitute a notice of protest. In addition, agency rules may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the statutory provisions. *Riess v. Williamson County Appraisal Dist.,* 735 S.W.2d 633, 638 (Tex.App.1987, writ den.).

■ We also reject appellants' contention that the May 18 letter does not qualify as a notice of protest because it was filed with the Appraisal District, not with the Review Board. The statute requires that "the property owner initiating the protest must file a written notice of the protest with the appraisal review board having au-

---

**2.** A rendition is "the reporting of taxable property by the owner to the appraiser." 4 Crumbley,

Shapiro & Williams, Texas Tax Service ¶ 89.01[1], at 89–3 (1990).

thority to hear the matter protested." Code, § 41.44(a) (Supp.1991).

Although the Code establishes the appraisal district and the appraisal review board as separate entities, the appraisal review board may use the staff of the appraisal office for clerical assistance. Code, § 6.43 (1982). In Burnet County, the Board has no staff of its own. The appraisal office staff, headed by Chief Appraiser Melda Hart, opens all mail addressed to the District or the Board, maintains file cabinets for both the District and the Board, schedules all protest hearings and sends all notices of protest hearings. The staff also tries to determine whether correspondence from a taxpayer constitutes a notice of protest.

The tax notice appellants sent directed that "if you disagree with" the property valuation, the taxpayer should contact the appraisal office and could appeal any problem to the ARB by filing a written protest with the ARB within thirty days. "Protest forms are available at the appraisal district (215 S. Pierce, Burnet)." The notice did not explain the meaning of the initials "ARB."

The record reveals appellee's May 18 letter was addressed:

> Burnet County Appraisal District
> 215 South Pierce St.
> Burnet, Texas 78611
> Attention: Melda Hart

The letter was delivered, via Federal Express, to the only street address given on the Notice of Appraised Value, which was for the "Burnet County Appraisal District." Because the District and Board share the same office, address, and staff, the only way a Burnet County taxpayer may file a notice of protest is to file it with the appraisal district staff at the address shown, which appellee did. Thus, appellants' challenge relies on the fact that the letter was addressed to the District rather than to the Board. When Hart received the letter, she filed it without setting a hearing.

In the only case construing § 41.44(a), this Court held that a taxpayer who had filed no notice of protest at all for 1985 had complied with the requirements of the statute when a suit challenging an identical appraisal for 1984 was pending at the time the 1985 notice of protest was due. *Estepp v. Miller*, 731 S.W.2d 677 (Tex.App.1987, writ ref'd n.r.e.). "This pending litigation clearly gave the Appraisal District notice of apparent dissatisfaction with the 1985 appraisal since that valuation was based on the same facts that justified the 1984 figure." *Estepp*, 731 S.W.2d at 680.

The cases appellants cite as holding that filing notice with the appraisal district is not effective notice to the appraisal review board are inapposite. All of these cases involve § 42.06, which controls appeals from the appraisal review board to district court. In contrast, the section at issue here, § 41.44, merely specifies the steps a taxpayer must take to obtain a hearing before the appraisal review board. *See Program Centers of Grace Union Presbytery, Inc. v. Earle*, 726 S.W.2d 628 (Tex. App.1987, no writ); *Underhill v. Jefferson County Appraisal Dist.*, 725 S.W.2d 301 (Tex.App.1987, no writ); *Texas Conference Ass'n of Seventh Day Adventists v. Central Appraisal Review Board*, 719 S.W.2d 255 (Tex.App.1986, writ ref'd n.r.e.); *Corchine Partnership v. Dallas County Appraisal Dist.*, 695 S.W.2d 734 (Tex.App. 1985, writ ref'd, n.r.e.).

If there are any doubts about the meaning of the law, we must resolve them in favor of the taxpayers. *Estepp*, 731 S.W.2d at 682 (Shannon, C.J., concurring). In the present case, the requirements of § 41.44 are straightforward; appellee met them, so it is entitled to a hearing before the Board to protest the 1989 appraisal valuation.

Appellants' first point of error is overruled. Because appellee is entitled to a hearing, we need not consider appellants' second point of error, that the trial court erred in dismissing appellants' counterclaim for delinquent taxes. The judgment of the trial court is affirmed.