

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

December 19, 1997

The Honorable Ken Armbrister
Chair, Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

The Honorable Michael P. Fleming
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002-1891

Opinion No. DM-462

Re: Whether a former member of the governing body or an officer or employee of a taxing unit is eligible for appointment to an appraisal review board, and related questions (RQ-1008)

Gentlemen:

Both Tax Code section 6.41(c) and section 6.412(c) deem ineligible for membership on an appraisal review board a former director, former officer, or former employee of the appraisal district board. Tax Code 6.41(c)'s restriction, however, applies only to an appraisal review board in an appraisal district established for a county with a population that exceeds 300,000, while section 6.412(c) applies to any appraisal review board, regardless of the size of the county with which the review board is affiliated. More importantly, section 6.41(c) deems ineligible for membership a former member of the governing body, a former officer, or a former employee *of a taxing unit.* By contrast, Tax Code section 6.412(c) deems ineligible for membership only a former member of the governing body, a former officer, or a former employee *of a taxing unit for which the appraisal district appraises property.* You both ask about the eligibility of certain former officers or employees of the government to serve on an appraisal review board. Senator Armbrister asks generally about "the breadth of the application" of section 6.41(c)'s restriction. Mr. Fleming asks how these two limitations on eligibility interface, and he asks specifically how to define *taxing unit* in section 6.41(c). We conclude generally that, on and after January 1, 1998, section 6.41(c) limits appraisal review board membership on an appraisal review board affiliated with a county that has over 300,000 people, while section 6.412(c) applies to appraisal review boards affiliated with the remaining, smaller counties. We further conclude that section 6.41(c) applies to former officers and former employees of any taxing unit, as Tax Code section 1.04(12) defines that term, while section 6.412(c) is limited to former officers and employees only of taxing units for which the appraisal district appraises property.

Mr. Fleming asks several other questions as well. He asks how to distinguish a taxing unit officer from a taxing unit employee. We understand his real concern to be how to distinguish an individual who serves a taxing unit and who is therefore ineligible for appointment under either

section 6.41(c) or section 6.412(c) from a similarly situated individual who is not ineligible under those sections. We conclude, based upon the language of the statutes, that the sections deem ineligible all former officers and employees, including part-time employees, but they do not deem ineligible volunteers who are not officers. Mr. Fleming further suggests that the prohibition on appointing former officers and employees violates Texas Constitution article I, section 19, an argument we believe is without merit. Finally, Mr. Fleming contends that the prohibitions constitute special laws and are thus unconstitutional under Texas Constitution article III, section 56. We find this contention without merit as well.

We begin by examining the appraisal review process. In each appraisal district, an appraisal review board[1] reviews the appraisal records of the county's chief appraiser.[2] As part of its review function, the review board is required to hear and determine taxing units' challenges to the records,[3] as well as property owners' protests regarding the records.[4] Review board members are appointed by the appraisal district board of directors.[5] The appraisal district board also may appoint auxiliary members to the appraisal review board to hear taxpayer protests and to assist the review board in performing its other duties.[6]

In 1997 the Seventy-fifth Legislature added two provisions pertaining to the eligibility of review board members. By the passage of Senate Bill 841, the legislature amended Tax Code section 6.41(c) to restrict membership on an appraisal review board affiliated with a county having a population greater than 300,000:

> In an appraisal district established for a county having a population of more than 300,000, an individual who has served for all or part of three previous terms as a board member or auxiliary board member on the appraisal review board, *is a former member of the governing body or an officer or employee of a taxing unit, or is a former director, officer, or employee of the appraisal district* is ineligible to serve on the appraisal review board.[7]

---

[1]*See* Tax Code § 6.41(a).

[2]*See id.* §§ 25.22(a), 41.01; Attorney General Opinion DM-94 (1992) at 2.

[3]*See* Tax Code §§ 41.03, .05, .07.

[4]*See id.* §§ 41.41, .45, .47; *see also* Attorney General Opinion DM-259 (1993) at 1-2.

[5]*See* Tax Code § 6.41(d). The appraisal district board and appraisal review board are separate entities. *See Towne Square Assocs. v. Angelina County Appraisal Dist.*, 709 S.W.2d 776, 778 (Tex. App.–Beaumont 1986, no writ); *Corchine Partnership v. Dallas County Appraisal Dist.*, 695 S.W.2d 734, 735 (Tex. App.–Dallas 1985, writ ref'd n.r.e.).

[6]*See* Tax Code § 6.411(a).

[7]*See* Tax Code § 6.41(c), *as amended by* Act of May 29, 1997, 75th Leg., R.S., ch. 1039, § 4, 1997 Tex. Sess.
(continued...)

This new restriction on eligibility, signified by the italicized language, applies only to the review board members appointed on or after January 1, 1998.[8] The restriction on eligibility also applies to auxiliary review board members.[9] In addition, by the adoption of Senate Bill 1017, the legislature added to Tax Code section 6.412 a new subsection (c), which similarly restricts membership on an appraisal review board:

> A person is ineligible to serve on the appraisal review board if the person is:
>
> (1) a former officer or employee of the appraisal district or a taxing unit for which the appraisal district appraises property;
>
> (2) a former member of the board of directors of the appraisal district; or
>
> (3) a former member of the governing body of a taxing unit for which the appraisal district appraises property.[10]

Although section 6.412(c) became effective September 1, 1997, it does not affect review board members sitting on the board on that date.[11] Rather, they may "continue to serve on the board and to participate in board hearings for the remainder of [their terms]. The changes in law apply only to a member appointed on or after the effective date . . . ."[12]

As a preliminary matter, we construe section 6.41(c) so that the adjective *former* modifies *officer* and *employee* as well as *member of the governing body*.[13] When read literally, the eligibility limitation in section 6.41(c) that is at issue in this opinion appears to deem ineligible a former governing board member, a current officer, or a current employee of a taxing unit: "an individual

---

[7](...continued)
Law Serv. 3897, 3899 (emphasis added to denote 1997 amendment).

[8]*See* Act of May 29, 1997, 75th Leg., R.S., ch. 1039, § 50(c), 1997 Tex. Sess. Law Serv. 3897, 3919.

[9]*See id.* § 5, 1997 Tex. Sess. Law Serv. 3897, 3899 (amending Tax Code § 6.411(c)).

[10]Act of May 19, 1997, 75th Leg., R.S., ch. 691, sec. 2, § 6.412(c), 1997 Tex. Sess. Law Serv. 2312, 2313.

[11]*See* Act of May 19, 1997, 75th Leg., R.S., ch. 691, § 3(a), 1997 Tex. Sess. Law Serv. 2312, 2313.

[12]*Id.* Tax Code section 6.412(c) "does not prohibit a person who is a member of an appraisal review board on the effective date . . . from being reappointed to the board if the person has the qualifications required for a member under the Tax Code as amended by this Act." *Id.*

[13]We received a letter from Representative Todd Smith specifically raising this issue. Representative Smith is not an authorized requestor. *See* Gov't Code §§ 402.042, .043, .044. To resolve your questions, however, we must resolve the very issue Representative Smith raises.

who . . . is a former member of the governing body or an officer or employee of a taxing unit . . . is ineligible to serve . . . ." In this phrase, the adjective *former* appears to modify only *member of the governing body*, not *officer* or *employee*. The immediately preceding sentence, however, deems ineligible for review board membership (in any county, regardless of population) a current appraisal district board member or a current officer or employee of the comptroller, the appraisal office or a taxing unit. If the adjective *former* does not modify *officer* or *employee*, the two sentences are largely redundant, and we presume that the legislature did not intend the redundancy.[14]

The two provisions about which you ask differ in several respects. Mr. Fleming points out two differences, which he contends render the provisions inconsistent. First, section 6.41(c) applies only to review board members in an appraisal district established for a county having a population greater than 300,000, while section 6.412(c) applies, ostensibly, to review board members in any appraisal district, regardless of the affiliated county's population. Second, while both section 6.41(c) and 6.412(c)(1), (2) deem ineligible a former member, officer, or employee of the appraisal district board, they set different standards for former taxing unit officers or employees. Specifically, section 6.41(c) deems ineligible a former officer or employee of "a taxing unit," while section 6.412(c) deems ineligible a former officer or employee of "a taxing unit for which the appraisal district appraises property." Likewise, section 6.41(c) deems ineligible a former member of the governing body of "a taxing unit," while section 6.412(c) deems ineligible a former member of the governing body of "a taxing unit for which the appraisal district appraises property." We note a third difference: section 6.412(c) became effective September 1, 1997, while the amendments to section 6.41(c) will become effective January 1, 1998.

We disagree that sections 6.41(c) and 6.412(c) are irreconcilably inconsistent; instead, we believe the differences may be harmonized. Where a general provision conflicts with a more specific provision, we are to construe the two, if possible, to effectuate both.[15] Clearly, before January 1, 1998, there is no conflict: every appointment to an appraisal review board must comply with Tax Code section 6.412(c), the only effective provision at this time. But even when both provisions are effective, on January 1, 1998, we do not find irreconcilable conflict.

On and after January 1, 1998, we believe the eligibility restriction in section 6.41(c) will apply only to an appraisal review board affiliated with a populous county, while section 6.412(c) will apply to an appraisal review board affiliated with a smaller county. By its terms, the restriction in section 6.41(c) applies only to appointments to an appraisal review board affiliated with a county with a population higher than 300,000, which to be concise we will denominate a "populous county."[16] Section 6.412(c), by contrast, is not explicitly limited. We interpret it, consequently, to

---

[14]*See State v. Edmond*, 933 S.W.2d 120, 124 (Tex. Crim. App. 1996) (en banc); *White v. State*, 930 S.W.2d 673, 676 (Tex. App.--Waco 1996, no writ).

[15]*See* Gov't Code § 311.026(a).

[16]The 1998-1999 *Texas Almanac* lists eleven counties as having populations higher than 300,000. *See* THE

(continued...)

apply to all nonpopulous counties, to which the restriction in section 6.41(c) does not apply. Thus, on January 1, 1998, Mr. Fleming's county, Harris, a populous county,[17] will be subject to the eligibility restriction in section 6.41(c), although it is currently subject to section 6.412(c). On the other hand, Gonzales County, one of the counties Senator Armbrister represents, is and on January 1, 1998, will remain subject to section 6.412(c) because it is a nonpopulous county.[18]

In addition, we construe section 6.41(c) to deem ineligible for appointment to an appraisal review board that is affiliated with a populous county a former governing board member, former officer, or former employee of any taxing unit, whether or not the taxing unit's property is appraised by the appraisal review board's appraisal district. Under section 6.41(c), an appraisal district in a populous county cannot appoint a former member of the governing body, officer, or employee of *a taxing unit*. The term *taxing unit* in section 6.41(c) is unrestricted. By contrast, the legislature has chosen explicitly to limit the term in section 6.412(c) to include only those taxing units for which the appraisal district appraises property. The term *taxing unit*, for purposes of both sections 6.41(c) and 6.412(c), is defined in Tax Code section 1.04(12):

> "Taxing unit" means a county, an incorporated city or town (including a home-rule city), a school district, a special district or authority (including a junior college district, a hospital district, a district created by or pursuant to the Water Code, a mosquito control district, a fire prevention district, or a noxious weed control district), or any other political unit of this state, whether created by or pursuant to the constitution or a local, special, or general law, that is authorized to impose and is imposing ad valorem taxes on property even if the governing body of another political unit determines the tax rate for the unit or otherwise governs its affairs.[19]

Indeed, the fact that section 6.41(c) applies to former officers and employees of any taxing unit, while section 6.412(c) applies to former officers and employees only of those taxing units for which the appraisal district appraises property appears to us to follow logically from the population difference. In a populous county, the appraisal district has a larger pool of citizens from which to select appointees to the appraisal review board; the legislature may, therefore, exclude a larger number of people without seriously impacting the appraisal district's ability to find competent appointees. But in a smaller county, the appraisal district has a smaller pool of possible appointees

---

[16](...continued)
DALLAS MORNING NEWS, 1998-1999 TEXAS ALMANAC 143-292 (1997).

[17]*See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION: GENERAL POPULATION CHARACTERISTICS: TEXAS 2 (1992) (population 2,818,199).

[18]*Id.* (population: 17,205).

[19]Tax Code section 1.04 defines terms for the whole of Tax Code title 1. Sections 6.41 and 6.412 both are part of title 1.

from which to choose. By excluding only former directors, officers, and employees of taxing units for which the appraisal district appraises property, the legislature, we believe, attempted to maximize the number of people eligible for appointment while still accomplishing the intent of the limitation—to reduce cronyism in the appointment process.[20]

We turn now to your specific questions. We begin with Mr. Fleming's first question: how to reconcile what he perceives as irreconcilable differences between the limitation in section 6.41(c) and section 6.412(c). We have concluded that until January 1, 1998, section 6.412(c) applies to appointments to appraisal review boards in all counties. On and after January 1, we have concluded, section 6.41(c)'s limitation applies to appraisal review boards affiliated with populous counties, while section 6.412(c) applies to all other counties.

Mr. Fleming's second question concerns the definition of *taxing unit*. Unlike section 6.412(c), section 6.41(c), we have concluded, pertains to former officers and employees of all taxing units, whether or not the appraisal district appraises property for that taxing unit. Further, we have adopted, for purposes of section 6.41(c) and 6.412(c), the definition of *taxing unit* found at Tax Code section 1.04(12), which describes a political subdivision that is authorized to and is imposing ad valorem taxes. Mr. Fleming, however, asks about former directors, officers, or employees of taxing units that have either ceased to exist or that do not or did not impose taxes:

> [I]s an [appointee] ineligible to serve on the appraisal review board if he or she was *formerly* an officer or employee of . . . :
>
> 1. A taxing unit that ceased to exist prior to January 1, 1998 (effective date of legislative changes to [Tax Code section] 6.412?[21]

---

[20]*See* Hearings on S.B. 1017 Before the Senate Comm. on Intergovernmental Relations, 75th Leg., R.S. (Mar. 26, 1997) (statement of Senator Patterson) (tape available from Senate Staff Services) (indicating that bill's purpose is to ensure that appraisal review process is fair and that members of appraisal review board be neutral arbiters of property tax disputes); *id.* (testimony of Breck Bostwick, representing Texas Ass'n of Property Owners) (stating that small counties have difficult time finding people to serve on appraisal review boards); *cf.* Hearings on S.B. 841 Before the House Comm. on Revenue and Public Education, 75th Leg., R.S. (May 1, 1997) (testimony of Mark Rose, representing self) (tape available from House Video/Audio Services Office) (reflecting public perception that, because appraisal district board appoints board members' friends and cronies to appraisal review board, taxpayer protesting decision can do nothing to get fair hearing from review board); *cf. also* CITIZENS' COMM. ON PROPERTY TAX RELIEF, FINAL REPORT 21-22 (Nov. 8, 1996) (summarizing public sentiment that review process "undemocratic" because, according to those who testified, appraisal review board cannot offer unbiased review of appraisal district's work).

[21]As we have stated, Tax Code section 6.412(c) became effective September 1, 1997. *See* Act of May 19, 1997, 75th Leg., R.S., ch. 691, 1997 Tex. Sess. Law Serv. 2312, 2312-13. The amendment to section 6.41(c), on the other hand, will take effect January 1, 1998. *See* Act of May 29, 1997, 75th Leg., R.S., ch. 1039, § 50(a), 1997 Tex. Sess. Law Serv. 3897, 3919. We believe, therefore, that Mr. Fleming refers to section 6.41(c) in this question, not section 6.412(c), as he states.

2. A taxing unit that ceased to exist prior to January 1, 1982 (effective date of [Tax Code])?

3. A taxing unit that ceased to exist prior to May 31, 1993 (effective date of changes to [Tax Code section 1.04(12), which defines *taxing unit*])?

4. A taxing unit that ceases to exist before the appraisal review board member takes office?

5. A taxing unit that is in existence but otherwise ceases to impose an ad valorem tax before the appraisal review board member takes office?

6. A taxing unit that is in existence but did not impose an ad valorem tax (although authorized to do so) during the time that the appraisal review board [appointee] was an employee or officer?

In our opinion, the critical question in unraveling all of these hypothetical situations is whether the appointee served a political subdivision that was, at the time the appointee served it, authorized to impose and was imposing ad valorem taxes. Thus, it makes no difference that the taxing unit ceased to exist before some arbitrary date. Nor does it matter that the taxing unit ceased imposing ad valorem taxes after the appointee's tenure. It is relevant, however, that a political subdivision was authorized to but did not collect ad valorem taxes during the appointee's tenure. Under the Tax Code's definition, two factors set a political subdivision apart as a taxing unit: first, the political subdivision is authorized to collect ad valorem taxes; and second, the political subdivision in fact imposes ad valorem taxes. Where one of these factors is not present, the political subdivision is not a taxing unit. Consequently, in response to the first five of Mr. Fleming's hypotheticals, we believe the appointee is ineligible to serve on an appraisal review board. Conversely, in response to Mr. Fleming's sixth hypothetical, we believe neither section 6.41(c) nor section 6.412(c) precludes the appointee from service on an appraisal review board because the political subdivision was not a taxing unit at the time the appointee served it.

You both question the scope of the terms *officer* and *employee* for purposes of sections 6.41(c) and 6.412(c). Mr. Fleming first cites the opinion of the Texas Supreme Court in *Aldine Independent School District v. Standley*,[22] distinguishing an officer from an employee on the basis of "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others*."[23]

---

[22]280 S.W.2d 578 (Tex. 1955).

[23]*Id.* at 583 (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.--Galveston 1949, writ ref'd)) (emphasis in original).

Mr. Fleming then cites several statutory definitions of *employee*,[24] and he closes with one, Government Code section 821.001(6), that defines the term to include only full-time workers. He also cites a statutory definition of *local public official*, Local Government Code section 171.001, and a previous opinion of this office that an individual who serves as an alternate election judge in a single municipal election is not an officer of a taxing unit.[25] He finally lists specific positions and asks whether an individual who currently or formerly has held one of the positions is eligible for appointment to an appraisal review board:

- part-time instructor for a community college (which, Mr. Fleming states, is a taxing unit);

- alternate election judge or clerk for a taxing unit for one or more elections;

- substitute teacher for a school district (which, Mr. Fleming states, is a taxing unit);

- summer employee for a municipal parks and recreation program (Mr. Fleming states that a municipality is a taxing unit).

Senator Armbrister asks, in addition, about a former city driver education teacher or a retired taxing unit employee.

In our view, all of the positions about which you ask are employments. None are offices, we believe, because none of the position holders exercises a sovereign governmental function independently of others' control.[26] Indeed, this office previously has concluded that an alternate election judge or clerk is not an officer.[27] Rather, all of the positions are subject to the control of others and all are compensated; both of which are characteristics of employment.

We believe, for purposes of Tax Code sections 6.41(c) and 6.412(c), the term *employee* encompasses any individual who is appointed to serve the government under a contract of hire, express or implied, oral or written, where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed, and who is compensated

---

[24]*See* Civ. Prac. & Rem. Code §§ 101.001(2), 102.001(1); Gov't Code §§ 606.021(1), 607.001, 613.001(3); Local Gov't Code § 158.001(2).

[25]*See* Letter Opinion No. 96-081 (1996) at 2.

[26]*See Aldine,* 280 S.W.2d at 583 (quoting *Dunbar v. Brazoria County,* 224 S.W.2d 738, 740 (Tex. Civ. App.-- Galveston 1949, writ ref'd)).

[27]*See* Letter Opinion No. 96-081 (1996) at 2.

for his or her work.[28]  Because we find no statutory definition of *employee* expressly applicable to Tax Code sections 6.41(c) and 6.412(c), we define the term in context and consistently with common usage.[29]  Some, but not all, of the statutory definitions Mr. Fleming cites coincide with our definition.  For example, Civil Practice and Remedies Code section 101.001 distinguishes an employee from an independent contractor, an agent or employee of an independent contractor, or another person who performs tasks the details of which the contracting government has no legal right to control.[30]  Others were adopted to provide the term *employee* with a connotation useful in that context and do not apply in the context we are considering here.  Civil Practice and Remedies Code section 102.001(1), for example, defines *employee* to include volunteers.  We believe, however, that section 102.001(1) relates only to the specific context in which it was adopted--a local government's liability for tort claims against those under its control--and we see no reason to extend the meaning of the term *employee* in Tax Code sections 6.41(c) and 6.412(c) to include volunteers.  Likewise, we see no reason to distinguish between full- and part-time employees, as Government Code section 821.001(6), does.  Government Code chapter 821 pertains to membership in the Teacher Retirement System.  Full-time employees are members,[31] and consequently, they receive retirement benefits from the system.  Part-time employees, on the other hand, are not members.[32]  This distinction makes sense in the retirement-system context, but we do not think it makes sense here.

Accordingly, so long as each of the employments about which you ask are with a taxing unit, in a populous county, or a taxing unit for which the appraisal district appraises property, in a nonpopulous county, the former employee is ineligible for appointment to the appraisal review board.  Whether a particular political subdivision is a taxing unit in the context of sections 6.41(c) and 6.412(c) depends, as we have said, upon whether the subdivision satisfies the definition in Tax Code section 1.04(12).  This question of fact must be examined on a case-by-case basis.

We proceed to address the constitutional issues Mr. Fleming raises.  Mr. Fleming first avers that sections 6.41(c) and 6.412(c) violate Texas Constitution article I, section 19, insofar as they impose a lifetime bar on appointees to appraisal review boards while appointees to other governing boards are not similarly barred.  Similarly, Mr. Fleming points out, "[a]ssuming that the legislature believed that former taxing unit employees and officers were biased against property owners who protest their appraised values [*sic*], it failed to prohibit other individuals who may be similarly biased such as property tax consultants."  Both of these distinctions, Mr. Fleming argues, are irrational.

---

[28]*See Riverbend Country Club v. Patterson*, 399 S.W.2d 382, 383 (Tex. Civ. App.--Eastland 1965, writ ref'd n.r.e.); *see also* Attorney General Opinion DM-409 (1996) at 5-6.

[29]*See* Gov't Code § 311.011(a); Attorney General Opinion DM-409 (1996) at 4 (citing Attorney General Opinion JM-525 (1986) at 4).

[30]*See also* Local Gov't Code § 155.041.

[31]*See* Gov't Code § 821.001(6), 822.001(a).

[32]*Id.* § 821.001(6).

We do not believe a court would agree with Mr. Fleming's argument. Article I, section 19 of the Texas Constitution, referred to as the "due course" clause, like the due process clause of the United States Constitution and the equal protection clauses of the federal and state constitutions, allows the legislature to distinguish among individuals so long as the distinction rationally furthers a legitimate state interest, unless the classification warrants heightened review.[33] Mr. Fleming does not appear to contend that the classification at issue here warrants heightened review, and indeed, we do not imagine that he could. Thus, we believe a court would apply the rationality standard.

We think it likely a court would find that the classification the legislature has established in sections 6.41(c) and 6.412(c) rationally relates to the state's interest in providing an unbiased system by which a property owner may contest his or her property's appraised value. Nevertheless, the question, to be finally determined, requires the resolution of fact questions and is, therefore, beyond the scope of an attorney general's opinion.[34]

For the same reason, we believe a court would disagree with Mr. Fleming's final contention, that the amendment to section 6.41(c) and section 6.412(c) in toto are special laws and consequently unconstitutional under article III, section 56 of the Texas Constitution. "The primary and ultimate test of whether a law is general or special is whether there is a reasonable basis for the classification made by the law, and whether the law operates equally on all within the class."[35] As we determined above, we believe a court would find that the legislature had a reasonable basis to classify appointees to appraisal district review boards differently than others. Further, as we have explained above, we believe the fact that the legislature has chosen to set stricter eligibility standards for appointees to appraisal review boards affiliated with populous counties than for appointees to such boards in nonpopulous counties flows logically from the population difference.[36] Moreover, sections 6.41(c) and 6.412(c) operate, we believe, equally on all within their respective scopes.

## S U M M A R Y

Between September 1, 1997, and January 1, 1998, an appointee's eligibility for service on an appraisal review board is determined in accordance with Tax Code section 6.412(c). On and after January 1, 1998, Tax Code section 6.41(c) deems ineligible for appointment to an appraisal review board in an appraisal district affiliated with a county that has over

---

[33]*Cf. Hurt v. Cooper*, 110 S.W.2d 896, 900-01 (Tex. 1937); *Patterson v. City of Dallas*, 355 S.W.2d 838, 843-44 (Tex. Civ. App.--Dallas 1962, writ ref'd n.r.e.), *appeal dismissed*, 372 U.S. 251 (1963).

[34]*See, e.g.*, Attorney General Opinions DM-98 (1992) at 3, H-56 (1973) at 3, M-187 (1968) at 3, O-2911 (1940) at 2.

[35]*Maple Run at Austin Mun. Util. Dist. v. Monaghan*, 931 S.W.2d 941, 945 (Tex. 1996) (quoting *Rodriguez v. Gonzales*, 227 S.W.2d 791, 793 (Tex. 1950)).

[36]*See supra* pp. 5-6.

300,000 people a former member of the governing board, former officer, or former employee of any taxing unit, as *taxing unit* is defined in Tax Code section 1.04(12). On and after January 1, 1998, Tax Code section 6.412(c) deems ineligible for appointment to an appraisal review board affiliated with a smaller county a former member of the governing board, former officer, or former employee of a taxing unit for which the appraisal district appraises property. Whether the political subdivision the appraisal review board appointee served has ceased to be a taxing unit since the appointee's tenure is irrelevant.

For purposes of sections 6.41(c) and 6.412(c), an *officer* is an individual upon whom a sovereign, governmental function is conferred, to be exercised by him or her for the benefit of the public largely independent of others' control. An *employee*, on the other hand, is an individual who works, under an express or implied contract, for the employer at the employer's direction and control and who is compensated for his or her service. *Employee* includes both full- and part-time workers, but it does not include a volunteer who is not an officer.

A court probably would conclude that the 1997 amendment to section 6.41(c) and section 6.412(c) in toto is not unconstitutional, either under Texas Constitution article I, section 19 or article III, section 56.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General