March 18, 2005

The Honorable Jeff Wentworth                    Opinion No. GA-0311
Chair, Senate Jurisprudence Committee
Texas State Senate                              Re:   Whether an appraisal review board may
Post Office Box 12068                           schedule a hearing on a property tax protest and
Austin, Texas 78711-2068                        notify the property owner of the hearing time
                                                before the property owner has filed a written
                                                notice of protest   (RQ-0274-GA)

Dear Senator Wentworth:

        You ask whether an appraisal review board may schedule a hearing on a property tax protest and notify the property owner of the hearing time before the property owner has filed a written notice of protest.[1]

## I.    Legal Background

        Subchapter C of chapter 41 of the Tax Code establishes procedures for property owners to protest certain actions relating to property appraisals before the appraisal review board. *See* TEX. TAX CODE ANN. §§ 41.41-.47 (Vernon 2001 & Supp. 2004-05); *see also* § 41.41(a)(1)-(9) (Vernon 2001) (listing appraisal district and appraisal review board actions that may be protested, including the determination of the property's appraised value). The deadline for filing a written notice to protest an action depends upon the action involved. For example, section 25.19 of the Tax Code requires a chief appraiser to deliver written notice to a property owner of the appraised value of the property owner's property "[b]y May 15 or as soon thereafter as practicable." *Id.* § 25.19(a) (Vernon Supp. 2004-05). Under section 41.44 of the Tax Code, "to be entitled to a hearing and determination of a protest" regarding an appraisal, "the property owner initiating the protest must file a written notice of the protest with the appraisal review board . . . before June 1 or not later than the 30th day after the date that notice was delivered to the property owner as provided by Section 25.19, whichever is later." *Id.* § 41.44(a)(1) (Vernon 2001).[2]

---

[1]Letter from Honorable Jeff Wentworth, Chair, Senate Jurisprudence Committee, to Honorable Greg Abbott, Texas Attorney General (Sept. 16, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Section 41.44 also provides dates for filing a notice of protest regarding other appraisal district actions. *See* TEX. TAX CODE ANN. § 41.44(a)(2) (Vernon 2001) ("in the case of a protest of a change in the appraisal records ordered as provided by Subchapter A of this chapter or by Chapter 25, not later than the 30th day after the date notice of the change is delivered to the property owner"), (3) ("in the case of a determination that a change in the use of land appraised

(continued...)

Other provisions in subchapter C govern the appraisal review board's duties with respect to holding protest hearings. Section 41.45 provides:

> *On the filing of a notice as required by Section 41.44, the appraisal review board shall schedule a hearing on the protest.* If more than one protest is filed relating to the same property, the appraisal review board shall schedule a single hearing on all timely filed protests relating to the property. A hearing for a property that is owned in undivided or fractional interests, including separate interests in a mineral in place, shall be scheduled to provide for participation by all owners who have timely filed a protest.

*Id.* § 41.45(a) (emphasis added). Section 41.46(a) requires the appraisal review board to "deliver written notice to the property owner initiating a protest of the date, time, and place fixed for the hearing on the protest unless the property owner waives in writing notice of the hearing." *Id.* § 41.46(a). The appraisal review board "shall deliver the notice not later than the 15th day before the date of the hearing." *Id.* An appraisal review board "shall postpone the hearing to a later date if the property owner or the owner's agent shows good cause for the postponement or if the chief appraiser consents to the postponement." *Id.* § 41.45(e). In addition, an appraisal review board may be required to postpone a hearing if the property owner or the owner's agent is scheduled to appear at a hearing on a protest before another appraisal review board on the same date. *See id.* § 41.45(g). An appraisal review board must hear and determine all or substantially all timely filed protests by July 20. *See id.* § 41.12.

An appraisal review board is authorized to adopt rules governing its meetings and hearings. *See id.* §§ 6.42(b) ("The board may meet at any time at the call of the chairman or as provided by rule of the board."), 41.66(a) ("The appraisal review board shall establish by rule the procedures for hearings it conducts as provided by Subchapters A and C of this chapter."), 41.71 ("An appraisal review board by rule shall provide for hearings on protests in the evening or on a Saturday or Sunday."). However, an appraisal review board rule "may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the statutory provisions." *Burnet County Appraisal Dist. v. J.M. Huber Corp.*, 808 S.W.2d 613, 615 (Tex. App.–Austin 1991, writ denied) (concluding that an appraisal review board's refusal to recognize a letter as a notice of protest imposed additional burdens and exceeded the board's authority under Tax Code section 41.44(d)).

---

[2](...continued)
under Subchapter C, D, E, or H, Chapter 23, has occurred, not later than the 30th day after the date the notice of the determination is delivered to the property owner"), (c) ("A property owner who files notice of a protest authorized by Section 41.411 [for failure to provide any required notice] is entitled to a hearing and determination of the protest if he files the notice prior to the date the taxes on the property to which the notice applies become delinquent. An owner of land who files a notice of protest under Subsection (a)(3) is entitled to a hearing and determination of the protest without regard to whether the appraisal records are approved.").

## II. Analysis

You state that certain appraisal review boards "have adopted the practice of setting protest hearings *sua sponte* for several pieces of property, sometimes prior to June 1, notifying the property owners of the date, time and location of the hearing should they protest, and then holding a hearing at the specified date only if the respective owner files a timely protest." Request Letter, *supra* note 1, at 1-2. You specifically ask "whether filing a property appraisal protest pursuant to Texas Tax Code section 41.44 is a condition precedent to an appraisal review board's setting a hearing on the protest." *Id.* at 2.

Section 41.45(a) provides that, "[o]n the filing of a notice as required by Section 41.44, the appraisal review board shall schedule a hearing on the protest." TEX. TAX CODE ANN. § 41.45(a) (Vernon 2001). The Code Construction Act provides that the term "shall" generally "imposes a duty." TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005).[3] According to its plain terms, section 41.45(a), in using the term "shall," imposes a duty on an appraisal review board. And, taken together with the first clause of section 41.45(a), it is plain that this duty to schedule a hearing arises only "[o]n the filing of a notice" of protest. *See* TEX. TAX CODE ANN. § 41.45(a) (Vernon 2001).

Furthermore, we believe that subchapter C, viewed as a whole, does not authorize an appraisal review board before it receives a protest notice to schedule a hearing on an anticipated protest and to notify the property owner about the hearing time. Subchapter C establishes a detailed timeline for taxpayer protest events. For example, a property owner who wishes to protest an appraisal determination must file[4] a written notice of protest before June 1 or "not later than the 30th day after the date that notice [of appraised value]" was delivered[5] to the property owner, "whichever is later." *See id.* § 41.44(a)(1). Section 41.45(a) requires an appraisal review board to schedule a hearing upon receiving a notice of protest, and section 41.46(a) requires an appraisal review board to deliver[6] notice of a scheduled hearing not later than the 15th day before the date of the hearing.

---

[3]By contrast, the term "must" "creates or recognizes a condition precedent." TEX. GOV'T CODE ANN. § 311.016(3) (Vernon 2005).

[4]When a property owner is required by title 1 of the Tax Code "to make a payment or to file or deliver a report, application, statement, or other document or paper before a specified date," the action is timely if: "(1) it is sent by regular first-class mail, properly addressed with postage prepaid; and (2) it bears a post office cancellation mark of a date earlier than the specified date and within the specified period or the property owner furnishes satisfactory proof that it was deposited in the mail before the specified date and within the specified period." TEX. TAX CODE ANN. § 1.08 (Vernon 2001); *see also id.* § 1.06 ("If the last day for the performance of an act is a Saturday, Sunday, or legal state or national holiday, the act is timely if performed on the next regular business day.").

[5]An official or agency required by title 1 of the Tax Code "to deliver a notice to a property owner may deliver the notice by regular first-class mail, with postage prepaid, unless this section or another provision of this title requires a different method of delivery or the parties agree that the notice must be delivered as provided by Section 1.085." *Id.* § 1.07(a); *see also id.* § 1.07(c) ("A notice permitted to be delivered by first-class mail by this section is presumed delivered when it is deposited in the mail. This presumption is rebuttable when evidence of failure to receive notice is provided.").

[6]*See id.* § 1.07(a).

*See id.* §§ 41.45(a), .46(a). Together, these provisions contemplate that a property owner will have, at a minimum, a period of approximately 30 days after receiving notice of the property's appraised value to decide whether to file a notice of protest, followed by a period of approximately fifteen days to prepare for the protest hearing. *See id.*; *see also supra* notes 4-5 (noting that delivery or filing may be accomplished by regular first-class mail). In establishing this detailed timeline, the legislature has not authorized an appraisal review board to schedule a hearing on a protest before receiving the property owner's notice of protest or to notify a property owner of a prescheduled hearing, and, in light of the detailed nature of the procedures the legislature has prescribed, we do not believe this authority may be implied.

Finally, an appraisal review board rule may not impose on a property owner additional burdens, conditions, or restrictions in excess of or inconsistent with statutory provisions. *See Burnet County Appraisal Dist.*, 808 S.W.2d at 615. No provision in subchapter C authorizes an appraisal review board to schedule a hearing on a protest before receiving the property owner's notice of protest or to inform a property owner who has not filed a protest notice that a hearing has been scheduled. Moreover, an appraisal review board that notifies a property owner of a hearing date before the property owner has filed a notice of protest may shorten the property owner's statutorily allotted time to decide to file the protest or to prepare for the protest hearing, imposing conditions on the property owner that are inconsistent with subchapter C. Thus, we conclude that an appraisal review board lacks authority by rule to establish a procedure to preschedule hearings and to notify property owners about such prescheduled hearings.

## S U M M A R Y

An appraisal review board lacks authority before a property owner has filed a written notice of protest to schedule a hearing on a property tax appraisal protest and to notify the property owner about the hearing time.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee